HaIiT>, Judge. —
 

 The judgment obtained against the Defendant’s intestate, (Harramond) as well as that obtained against
 
 Harramond
 
 himself as administrator, is evidence of a debt due from his intestate, and he is bound by sucli evidence. The securities of Harramond, the other Defendant, are not concerned in interest, whether such debt is due or
 
 not;
 
 because if the assets are not liable to creditors, they are subject to (lie claims of legatees 5 and tiie administrator
 
 Harramond,
 
 is as much
 
 *341
 
 bound for their faithful administration in the one case, as in the other, and it is only for the faithful administra-
 
 v
 
 tion of'the personal estate by the administrator, that his securities are bound.
 

 But although the judgment against the administrator is evidence against him, of a debt due by the intestate, and is evidence also of assets in his hands to discharge it; and although for the reason before given, it is also evidence”of a debt due, as far as relátes to his securities, yet it is not evidence against them that lie has assets to discharge it, and thereby subject them to the payment of the debt, in case
 
 nulla bona
 
 is returned on ah execution against the administrator. Whether the administrator has wasted the assets or not, is an enquiry in which the securities are interested, and the judgment ought not to be introduced as evidence of the affirmation, because they are neither parties or privies to that judgment. This principle was laid down in
 
 McKellar et. al.
 
 v.
 
 Bowell
 
 &
 
 Campbell, ante
 
 34.
 

 But as to the question of assets, I think the securities are bound
 
 prima fade
 
 by the inventory returned by the administrator. They have stipulated in the administration bond, that the administrator shall return a true and perfect inventory of the personal estate, and that he shall well and truly’administer it, according to law. This is for the benefit of creditors and legatees, and when it is done, it should be evidence
 
 prima fade
 
 against them, of assets, to that amount; as evidence of the faithful administration of such assets, would be evidence for them.
 

 In the case of the
 
 Chairman of the County Court of Mecklenburg
 
 v.
 
 Springs,
 
 (3
 
 Hawks
 
 43,) the judgment was certainly evidence to prove that a debt was due from the estate of
 
 Henderson
 
 the intestate, to the Plaintiff; but it was not admissible against the Defendants, the securities of the administrator, to prove the fact, either that the'administrator had assets or had wasted them; because if this was the case, they were liable for the amount; and that fact ought not to be proved by a judg
 
 *342
 
 ment and proceeding, to which they were neither party nor privy
 
 ;
 
 and it appears that it was in part offered in evidence for that purpose, arid that that was the reason w],y an appea| Was taken to this Court j for it does not appear that any other evidence was offered to prove assets in the hands of the administrator, or that he had wasted them. It is stated in the manuscript returned to this Court, that the judgment with
 
 other evidence
 
 was offered, &c. but it does not appear what that other evidence was; we cannot take it for granted that it established assets in the hands of the administrator, and that the judgment was offered only to establish the fact, that a debt was due. If this was the case, it was admissible, but not to prove assets in the possession of the administrator, or that he had wasted them. For these reasons, I think the rule for a new trial, &c. should be discharged in the present case, the judgment was evidence of the debt, the inventory evidence of assets, &c.
 

 The rest of the Court concurring,
 

 Judgment aeitrmed.