Debt upon a bond executed by the defendants, as sureties for one Keener, as constable for the County of Lincoln.
In order to show Keener's appointment, the plaintiff produced the minutes of the county court at January Term, 1838, on which was the entry, of which the following is a copy, to-wit: "Henry Keener, having been appointed constable, came into open court, was qualified according to law, and entered into bond, with Henry Fullenwider and Thomas L. Mays, in the sum of $4,000." It appeared from the minutes aforesaid *Page 272 
that but three magistrates were on the bench when this order was made. It was objected by the defendants that the entry above referred to did not show a sufficient legal election or appointment of said Keener as constable, but the objection was overruled. The plaintiff then produced a receipt of the said Keener, in the following words, to-wit: (365) "Received, 6 September, 1838, of James H. McCall, for collection one note of hand for $20, on William L. Ballard, given one day after date, dated 26 April, 1838, also an account of one bushel of wheat in the fall of 1837, which was either to be paid in wheat or money." Signed, "Henry Keener, Const." The defendants objected, that this receipt was not evidence against them. This objection was also overruled. And the plaintiff, having proved further that the constable might by due diligence have collected the note mentioned in the receipt, obtained a verdict. Judgment having been rendered in pursuance of the verdict, the defendants appealed.
We concur with his Honor on the first question raised by the defendants. We think that the record offered in evidence did show that Keener had not been appointed constable by the county court. The record speaks thus: "Henry Keener, having been appointed constable,came into open court and was qualified according to law." He must be taken to have been appointed or elected a constable before that time, and that he came into open court to be qualified according to law. The record is evidence that he had been appointed. We must understand by it and he had been elected, and elected in the manner the law (366) directed that constables should be — that is, by the people.
But we do not concur with his Honor on the Second, question. We think that the receipt given by the constable to the relator was the evidence against the defendants. The constable is not a party to this record, and the relator might have called upon him as a witness (York v.Blott, 5 M. S., 71), and his testimony, upon oath, subject to cross-examination, would have been of a higher grade of evidence than his written declarations contained in a receipt which was made without oath. A surety cannot, in general, be affected by evidence of an admission made by his principal, except it be a part of his contract, as that accounts kept by him shall be true. Thus, where a party became a surety by a bond for the faithful conduct of a clerk, it was held, in an action upon the bond, that an admission by the clerk, made after he was discharged, of various sums which he had embezzled, was not receivable in evidence against the surety.Smith v. Whittingham, 6 Car P., 78; *Page 273 Middleton, v. Melton, 10 Barn. Cress., 317; Goss v. Watlington, 3 Brod. B., 132; McGahey v. Alston, 2 Mason Welsby, 213. So, in Evans v.Beattie, 5 Esp., 26, Lord Ellenborough held that where the defendant had guaranteed the payment for such goods as should be delivered to C., the receipt for the goods, or his declaration that they had been delivered, was not admissible against the defendant, for this contract was to pay for goods delivered, not for those C. might acknowledge to have been delivered, and therefore he had a right to have the fact proved. It is true that the admissions or declarations of a under-sheriff are evidence against the high sheriff, where they accompany the official acts of the under-sheriff, or tend to charge him, he being the real party in the cause , for he is the agent of the high sheriff. Snowball v. Godrick, 4 Barn. Ad., 541. Where the declarations of the under-sheriff accompany official acts, they are in the nature of original evidence. Yabsly v.Doble, 1 Ld. Ray., 190; Duke v. Sykes, 7 Term, 117. And for an injury, through any negligence of duty by the under-sheriff, the high sheriff alone is responsible to the party injured. Watson on (367) Sheriffs, 33, and the cases thee cited. But the law does not compel constables to receive claims for collection, and if he does receive them a receipt by him is a voluntary act and is evidence only against himself. The constable is not the agent of his sureties, like the under-sheriff, who is the agent of the high sheriff. If the law had directed the principal obligor to make a declaration or admission as an administrator to return an inventory that would be prima facie evidence against his sureties.Armistead v. Harramond, 11 N.C. 339. But this receipt is not an act of office, but merely a private paper between the parties thereto. Of itself, it proves nothing against the present defendants, for, as far as we can know, it may have been given just before this suit brought, and not at the time it bears date. We cannot know that it speaks the truth, either in respect to the period at which it was given or as to the fact of the constable having received the claims from the relator and undertaken to collect them. Those facts, as against the present defendants, should be proved upon oath by a witness, who might have been the constable himself or the person who owed the debt, or any person who knew the fact.
PER CURIAM. Judgment reversed and new trial awarded.
Cited: S. v. Allen, 27 N.C. 43; Welch v. Scott, ib., 74; S. v. King,ib., 205; S. V. Eskridge, ib., 412; Jarrott v. McGee, 29 N.C. 378;McIntosh v. Bruce, 31 N.C. 514; S. v. Simpson, 46 N.C. 83; Lewis v.Fort, 75 N.C. 252. *Page 274 
(368)