STATE *ex rel.* JOHN BROWN and others *v.* JOEL PIKE, Adm'r. of MADISON BROWN and JOAB NEESE.

A judgment against an Administrator on his official bond since the Act of 1844, Bat. Rev. chap 43, sec. 10, is conclusive against the surety, both as to the debt and as to the assets sufficient to pay it, whether the surety was a party to the action or not.

(The cases of *Armistead* v. *Hammond*, 4 Hawks 339: *McKeller* v. *Bowell*, Ibid 34, 7 Jones 242; *Bond* v. *Billups*, Ibid 43, and 8 Jones 423, cited and approved.)

The action is brought by the distributees of the intestate of the defendant Pike, against him as administrator on his official bond, to which the other defendant, Neese, is one of the sureties, (the other being insolvent,) to recover the amount of a judgment, heretofore obtained by the plaintiffs against said Pike, in the Court of Equity.

It appears that in 1868, the plaintiffs filed a bill in Equity against the administrator Pike for an account and settlement of the estate of his intestate, Madison Brown, who died in 1862; that in this suit a reference was had and the account stated, which being returned to court, the plaintiffs recovered judgment for the sum of $482.58, at the same time fixing the

administrator with assets to that amount. The defendant Neese was not a party to this suit in Equity    No part of this judgment has ever been paid, and this action is brought to recover payment thereof.

The material allegations of the complaint were admitted in the answer. The defendants' grounds of defence are fully stated in the opinion of the court. Neese, the surety, contends, that as he was not a party to the proceeding in Equity, he ought to be allowed to show in this suit, that Pike had fully administered the assets of his intestate, and that the judgment of the Equity Court was erroneous.

His Honor held, that Neese was concluded by the judgment against his principal, Pike, and that the plaintiffs were entitled to recover. Judgment accordingly. From this judgment the defendants appealed.

*Scales & Scales*, for appellants.

The question is, whether the decree against the administrator in a cause in which the security was no party, is conclusive against the security in a suit upon the administrator's bond.

*Vanhook* v. *Burnett*, 4 Dev., 268 ; *Justices of Cumberland* v. *Bowell and Campbell*, 4 Hawks., 34 ; *Chairman of Mecklenburg County Court* v. *Clark & prings*, 4 Hawks., 43, all settle the question, that it was neither conclusive, *prima facie*, nor any evidence at all against the security, at least as to assets. This was settled law up to the enactment of the Legislature in 1844, to be found in Bat. Rev., chap. 43, sec. 10. The plaintiff's case rests on this statute, which is in derogation of the common law and must be strictly construed. There has been no adjudication of the question since. In *Bond* v. *Billups*, 8 Jones, 423, the court do not decide the question. The words of the statute are, that it " shall be admissible and competent for or towards proving ;" but this is very different from saying it shall be conclusive, as was said in the court below. " The security made no agreement by

the nature of his contract, to be concluded by a judgment or decree against his principal. He ought, of course, to be bound only upon the assignment and proof of a breach of the condition in a suit against himself." *McKeller* v. *Bowell*, 4 Hawks., 34.

*Scott & Caldwell*, contra :

I. The jury find by their verdict that there is a breach of the defendant's bond.

This is the only real issue raised by the answer, and it has been disposed of by the verdict of the jury.

II. The defendant Neese does not set up any defence in his answer which would entitle him to have the issue asked for submitted, or to offer proof upon it if submitted.

*Rankin* v. *Allison*. 64 N. C. Rep., 673, was a judgment at return term, notwithstanding the answer. The court say : " We do not see that the answer states any sufficient defence," &c. The court refused to disturb the judgment.

The answer admits the judgment and does not attack it by any direct allegation of fraud or mistake, but only by a gen eral allegation of errors and oppression, which are not sufficient to falsify or surcharge.

The only evidence which could have been received from Neese to sustain his issue, would have been evidence to impeach the judgment ; but none such was offered, nor could it have been received unless upon sufficient allegations in the answer—such as fraud, error or mistake, setting out the particulars therein.

III. The answer is insufficient as a bill to surcharge and falsify.

The admissions of the answer destroy every allegation at-attempted therein as a defence.

If it be true, as admitted, that plaintiffs have a judgment against the administrator, Joel Pike, that judgment fixes him with a surplus for distribution, and such judgment while it stands unimpeached, is evidence against the security, Neese,

and entitles the plaintiff to recover, and no issue is necessary. Bat. Rev., chap. 44, sec. 10.

BYNUM, J.   The judgment must be affirmed.   Prior to 1844, a judgment against the administrator was conclusive evidence both of the debt and of assets.   But as to the surety upon the administration bond, who was not a party to the action, it was no evidence whatever of assets, but was conclusive of the debt only.   As to him, the judgment was *res inter alios judicata.   Armistead* v. *Hammond*, 4 Hawks, 339 ; *McKeller* v. *Bowell*, 4 Hawks, 34 ; 7 Jones, 242 ; *Bond* v. *Billups*, 8 Jones, 423 ; 4 Hawks, 43.

The act of 1844, Bat. Rev., chap. 43, sec. 10, introduced a change in the law of evidence.   The act provides that in actions brought upon official bonds of administrators, and others there named, "when it may be necessary for the plaintiff to prove any default of the principal obligors, any receipt or acknowledgment of such obligors, or any other matter or thing, which by law would be admissible and competent for or toward proving the same as against him, shall *in like manner* be admissible and competent against all or any of his sureties who may be defendants, with or without him in said action."

The only natural and reasonable construction of this act is, that when the evidence was conclusive against the principal, prior to the act, it became "in like manner" conclusive against the sureties, after the act.   The judgment was therefore conclusive against the surety, both of the debt and of assets sufficient to pay it.   Such was the law of evidence when the surety executed the bond, and he cannot complain.

PER CURIAM.                              Judgment affirmed.