JOHN A. MOORE, Guardian, v. S. M. ALEXANDER, and H. A.
LITCHFIELD, Executor of JESSE NORMAN.

*Guardian—Judgment—Evidence.*

Since the Act of 1881, (*The Code*, §1345,) a judgment against a guardian
in favor of his ward, is not conclusive and irrebuttable evidence in
an action on his bond.

(*McKellar* v. *Powell*, 4 Hawks, 34; *Chairman, &c.,* v. *Clark*, 4 Hawks, 43;
*Vanbrook* v. *Barwell*, 4 Dev., 268; *Governor* v. *Carter*, 3 Ired., 338;
*Governor* v. *Montford*, 1 Ired., 155; *Brown* v. *Pike*, 74 N. C., 531;
*Badger* v. *Daniel*, 79 N. C., 386; cited and approved).

CIVIL ACTION, tried before *Gudger, Judge,* and a jury, at
Spring Term, 1886, of WASHINGTON Superior Court.

There was a judgment for the plaintiff, and the defend-
ants appealed.

The facts fully appear in the opinion.

*Mr. W. D. Pruden,* for the plaintiff.
*Mr. W. B. Rodman, Jr.,* for the defendants.

SMITH, C. J. Under proceedings instituted by the Solici-
tor in the Superior Court of Washington county, upon the
bond executed by the defendant S. M. Alexander, as guar-
dian of one Ephraim Mann, and Jesse Norman, the surety
thereon, the estates and effects held in trust were delivered
to the clerk of said Court, who was appointed a receiver for
that purpose. Among the assets was a note executed by
Mary Spruill to said Alexander, as guardian, on January
3d, 1869, for $1,515, transferred to the receiver at its full
value. This debt had been secured to the said Alexander
by a mortgage of lands lying in Tyrrell county, made to him.

The mortgagee, acting under a power conferred, at the
instance of the present plaintiff, advertised the lands for

sale, with a view of foreclosure, when both were restrained by an injunction issued from the Superior Court of Tyrrell, in an action which had been begun by the said Mary Spruill, and in which she alleged credits omitted, and to which she was entitled, largely reducing the demand.

In that suit, and upon issues found by the jury that the note was the individual property of the said Alexander, and constituted no part of the trust estate, and that the debtor was entitled to the sundry credits, which followed the transfer of the note, some as against the said Alexander, and others for moneys paid to the receiver, it was adjudged, with these deductions, that the balance due on the note was $254$\frac{88}{100}$, whereof $202$\frac{45}{100}$ is principal money, bearing interest from the first day of the term, to-wit: the 12th Monday after the 2d Monday in January, 1876.

The present action was begun on the guardian bond against the parties who executed the same, and the surety having died, W. A. Littlefield, his executor, has come in and been made a party defendant in place of the testator. The object is the recovery of the moneys which have been allowed in reduction of the indebtedness of the said Mary Spruill.

The only issue submitted to the jury was in these terms: "Are the defendants indebted to the plaintiff as alleged in the complaint, and if so, in what amount?" To which the response is: $673$\frac{88}{100}$, with interest from April 8th, 1877, till paid. The only exception necessary to be noticed is to the refusal of the Court to permit the executor defendant to prove by said Alexander, that the note secured by the mortgage and paid over, was not subject to any credit, and further, that in the settlement with the receiver, a large number of notes belonging to the trust fund were omitted by mistake, the amount of which was in excess of the plaintiff's demand.

The cases are numerous in which it has been decided that a judgment rendered against a guardian is not, unaided by the statute, admissible as evidence against the surety to his bond. *McKellar* v. *Powell*, 4 Hawks, 34.

The same rulings have been made in regard to the sureties to an administration bond. *Chairman, &c.*, v. *Clark*, 4 Hawks, 43; *Vanbrook* v. *Barwell*, 4 Dev., 268; *Governor* v. *Carter*, 3 Ired., 338; *Governor* v. *Montford*, 1 Ired., 155. So in reference to the liability of his surety to an amercement against the sheriff.

The act of 1844, however, changed the rule of law, and rendered competent against the sureties to official bonds, and those given by executors, administrators and guardians, whatever evidence would be competent against the principals, and this was declared to be conclusive, where the evidence was a judgment against him, in *Brown* v. *Pike*, 74 N. C., 531; and in *Badger* v. *Daniels*, 79 N. C., 386.

The act of 1881 amends the previous enactment by making the evidence "presumptive only" against the sureties. *The Code*, §1345.

As the testator was no party to the suit in which the abatement upon the face value of the note was obtained, the executor had the right to re-open the controversy, and rebut, if he could, the adjudication in the case, by showing that no reduction ought to have been made.

The counsel for the appellee concedes the principle contended for by the appellant, and concurring in it as the result produced by the statute, it must be declared there is error.

The verdict must be set aside, and a *venire de novo* awarded, to which end let this be certified.

Error.                                          Reversed.