T. A. McNEILL et al v. J. D. CURRIE et al.

*Surety on Guardian Bond—Action to Subject Lands of Deceased Surety Before Liability Ascertained—Pendency of Another Action—Abatement.*

1. An action cannot be maintained to subject the lands of a deceased surety for a guardian until judgment has been obtained on the guardian bond.

2. A judgment against a guardian, individually, for a debt due the ward, is not conclusive against the surety, but only presumptive evidence which the surety may rebut.

3. While an action is pending in one county to ascertain the liability of a deceased surety on a guardian bond, an action cannot be maintained in another county for the same purpose and for the additional purpose of subjecting the decedent's lands to the payment of the unascertained liability.

Civil action, heard before *Brown, J.,* at the Special Term, 1895, of Robeson Superior Court. A jury trial was waived, and his Honor, by consent, found the facts to be as follows :

This action was begun June 25, 1891. The plaintiff, Caroline E. McNeill, became of full age February 8, 1871, and intermarried with Thos. A. McNeill October 24, 1877. During her minority J. P. Hodges duly qualified as her guardian as alleged in the complaint ; A. S. McKay, the intestate of J. D. Currie, administrator, executed and signed the guardian bond dated June 5, 1865, in sum of $50,000 (a copy of which is attached to complaint in this action), as a surety thereon.

A. S. McKay died intestate in 1865 or 1866, seized and possessed of the land described in complaint. Letters of administration were issued on his estate March 17, 1879, by the Clerk Superior Court and probate judge of Robeson county to John McNair, who died July 15, 1890, and on November 15, 1890, letters of administration *de bonis non* were duly issued by said court in said Robeson county to the defendant, J. D. Currie.

On May 29, 1878, S. C. Smith, Thos. A. McNeill, administrator of Alice Smith, and Thos. A. McNeill and wife, Caroline, commenced a special proceeding before the Clerk of the Superior Court of Cumberland county, against J. P. Hodges, guardian of the heirs of Wm. T. Smith, deceased, Junius S. Williams and wife, Mary Lou Williams, J. Lawrence Smith and Walter J. Smith.

In this proceeding the sum adjudged to be due Caroline E. McNeill by J. P. Hodges, her guardian, is $1,694.66 with interest thereon from May 29, 1878, and costs.

A suit was instituted in June, 1881, by J. S. Williams and wife and others against Jas. McNair, administrator, etc. Reported 98 N. C. Reports, page 332, which is considered as a part of these findings.

On March 26, 1879, the plaintiffs Thos. A. McNeill and wife, Caroline, commenced an action in Superior Court of Cumberland county against J. P. Hodges, her guardian, and against the sureties on the guardian bond. Said action is brought on the guardian bond hereinbefore referred to and is entitled :

State *ex rel* Thos. A. McNeill and wife, Caroline, vs. Jas. P. Hodges, Thos. W. Smith, executor of Jno. C. Smith, and Jno. McNair, administrator of A. S. McKay. Upon the death of Jno. McNair, J. D. Currie, administrator *de bonis non*, was made party defendant.

This action is still pending in Superior Court of Cum-

berland county. The record therein is made a part of these findings and the pleas and orders and decrees therein are referred to.

There is no personal property of A. S. McKay to apply to the plaintiffs' demand.

Defendant D. D. McBryde bought the interest and estate of all the heirs of A. S. McKay, deceased, except the share of his own wife, the defendant Fannie McBryde, in the lands described in the complaint before any letters of administration issued upon estate of A. S. McKay.

D. D. McBryde and wife, Fannie, sold and conveyed all of the lands belonging to estate of A. S. McKay, and set out in the complaint, to M. H. McBryde by deeds dated January 26th, 1882, and March 6th, 1890, after two years from the grant of letters of administration on the estate of A. S. McKay and said M. H. McBryde is a *bona fide* purchaser for value and without notice and said M. H. McBryde paid D. D. McBryde and wife, Fannie, $2,700 for the whole of said land described in said deeds and in the complaint.

The plaintiffs during the trial voluntarily entered a non suit as to the defendants M. H. McBryde, J. T. Pool, A. C. Covington, M. McNair and wife, Lou, and A. J. McKinnon. These are the only defendants, who at commencement of this action, were in the actual possession and ownership of the lands of A. S. McKay, deceased, having purchased it without notice.

Upon considering the law arising upon the facts herein set forth and found and the records in evidence and made a part of said findings, the Court is of opinion :

That the defendants M. H. McBryde, J. T. Pool, A. C. Covington, M. McNair and wife Lou, and A. J. McKinnon go without day and recover their costs in this behalf expended.

As to the other defendants and the relief prayed for by plaintiffs against them the Court concludes:

1. That an action must be brought in the name of the State against the said A. S. McKay's administrator as an obligor upon the guardian bond for the personalty of the bond to be discharged upon payment of such damages as may be adjudged, and the amount for which A. S. McKay's estate is liable as surety ascertained in such action before this action can be sustained to collect out of his heirs the proceeds of sales of his lands sold by them. A. S. McKay's liability arises solely upon the guardian bond, and the damages must be ascertained in a suit on the guardian bond, before it becomes a debt against his estate, for the payment of which his lands may be sold, or the proceeds thereof subjected in the hands of his heirs. *Williams* v. *McNair*, 98 N. C., 332.

2. That the Special Proceeding, the record of which is hereto annexed, entitled S. C. Smith et als vs. J. P. Hodges, before the Clerk of Superior Court of Cumberland county is not a suit on the said guardian bond, and that A. S. McKay or his administrator was not a party thereto. That such proceeding appears from the record therein to be a Special Proceeding commenced before the Clerk by the wards of J. P. Hodges against their guardian to effect a settlement of the guardianship trust.

"That at the commencement of this action and before it was commenced, and at this date, there is pending in the Superior Court of Cumberland county a civil action wherein the State *ex rel* Thos. A. McNeill and wife, Caroline, are plaintiffs, and Jas. P. Hodges, Thos. W. Smith, executor of Jas. C. Smith, deceased, and J. C. Currie, administrator *de bonis non* of A. S. McKay, are defendants. That said action was brought to recover the sum alleged to be due the plaintiff Caroline McNeill and afterwards so

ascertained to be due her in said special proceeding referred to in finding No. 2 hereinbefore. That said civil action has been referred to the clerk, that pleas in bar, such as statute of limitations, have been interposed therein by the administrator of McKay, and that the execution of the bond by A. S. McKay was denied therein and that no judgment has been rendered therein as to the administrator of A. S. McKay and some other defendants.

"3. That pending said action and until after final judgment is rendered therein, the administrator of A. S. McKay cannot be compelled or granted license to sell the lands of his intestate, nor can the plaintiff subject, or have judgment against the heirs of A. S. McKay, or their assignee, D. D. McBryde, for proceeds of sales of said lands.

"4. That the defendants are entitled to judgment, that they go without day and recover their costs."

From the findings and judgment in this case the plaintiffs appealed to Supreme Court, assigning as errors the conclusions of law Nos. 1, 2, 3, and 4.

*Mr. Frank McNeill,* for plaintiffs (appellants).
*Messrs. N. W. Ray, N. A. McLean* and *W. E. Murchison,* for defendants.

Clark, J.: When this case was here before (*McNeill v. McBride,* 112 N. C., 408), the Court said: " The objection that the plaintiff Caroline McNeill cannot subject the land of the intestate until a judgment has been obtained upon the guardian bond executed by him, would seem to be sustained by the case of *Williams* v. *McNair,* 98 N. C., 332." The defendant, however, was then held barred from a judgment dismissing the action because the demurrer admitted the liability, but now an answer having been filed, it has been found as a fact that no

judgment has been obtained against the surety ascertaining the amount of the indebtedness, nor that there is any. While a judgment has heretofore been obtained against the guardian individually in the .Probate Court of Cumberland County, no judgment has yet been had upon the guardian bond, a proceeding for that purpose being now pending in the Superior Court of Cumberland. The judgment against the guardian was held conclusive against the surety on the bond, in *Brown* v. *Pike*, 74 N. C., 531, but since then this has been changed by the Act of 1881, now *The Code*, Sec. 1345. *Moore* v. *Alexander*, 96 N. C., 34. The judgment against the guardian is now only presumptive evidence which the surety is allowed to rebut if he can, and which his administrator is now seeking to do in the action pending in Cumberland county. The plaintiff contends, however, that though judgment should be obtained to ascertain the liability of the surety on the guardian bond before subjecting the real estate of the deceased surety or the proceeds thereof in the hands of his heirs-at-law, both remedies can be had in this action (*Code*, Sec. 267) and that if the venue should have been in Cumberland county where the guardian resided and the bond was filed (*Code*, Sec. 193, *Cloman* v. *Staton*, 78 N. C., 235) objection on that ground was waived by failure to move for removal of the cause to that county before filing answer. *Code*, Sec. 195 ; Clark's Code (2nd Ed.) p. 112. If both these positions be conceded still the defendant in his answer (par. 6) has pleaded that an action was already pending in Cumberland county, when this action was brought and is still pending there, in favor of the plaintiff and against the guardian bond to ascertain the amount of the liability of the surety thereon, if any, and the court below finds the fact as thus alleged in the answer.

The court below therefore properly held that this action, subsequently begun for the same purpose, could not be maintained (*Claywell* v. *Sudderth*, 77 N. C., 287, *Woody* v. *Jordan*, 69 N. C., 189) and if it cannot be maintained to ascertain the extent of the liability of the surety, it cannot be upheld for the purpose of subjecting the realty or proceeds thereof, since that must be based on an adjudication of the debt. *Williams* v. *McNair*, *supra*.     No Error.