L. H. MILLER v. ABEL PITTS AND T. L. EPLEY.

(Filed 25 May, 1910.)

**Principal and Surety—Distiller's Bonds—Judgment in Federal Court —Certified Records—Indebtedness—Evidence.**

A duly and properly certified copy of the record of the United States District Court of a judgment had against a surety on a distiller's bond is *prima facie* or presumptive evidence of the stated indebtedness of the principal, in an action subsequently brought by the surety against his principal and cosurety thereon; and in the absence of evidence in rebuttal, when it is admitted that the plaintiff has paid the judgment, he may recover from the principal the entire debt which he has paid, or from the surety his ratable part, it appearing of record that there is no real dis

pute between the parties as to the truth of the matters set out in the record, if the judgment in the District Court is held to be evidence against the defendants.

APPEAL from *J. S. Adams, J.,* at January Term, 1910, of McDOWELL.

The facts are sufficiently stated in the opinion of the Court.

*Sinclair & Carlton* for plaintiff.
*W. T. Morgan* and *T. A. Morphew* for defendants.

WALKER, J. This action was brought by the plaintiff, as a surety on the distiller's bond of the defendant Abel Pitts, to recover the amount which he was compelled to pay under a judgment recovered in the United States District Court for the Western District of North Carolina, against Pitts as principal and himself as surety, for $500, the amount or penalty of said bond. The parties waived a trial by jury and agreed that the judge might find the facts, and it appears from his findings that the bond was executed by Abel Pitts as principal and the defendants Lee Miller and Thomas Epley as sureties. It further appears that an action was brought upon the said bond for a breach thereof by Pitts, which breach consists in his failing to pay the taxes due from him by law, on 363 gallons of spirits, which he had removed from the premises where said distillery was operated, without complying with the law by paying the taxes assessed against him. Issues were submitted to the jury at the trial of said case, which, with their answers, are as follows:

1. Did the defendants execute the bond sued on? Answer: Yes.

2. Did the defendants commit a breach of said bond? Answer: Yes.

3. What amount of damages, if any, has the plaintiff sustained on the bond sued on? Answer: $374.88, with 5. per cent penalty and interest 12 per cent from 1 October, 1896; $53.68, with 5 per cent penalty and interest 12 per cent from 1 March, 1896; $26.91, with 5 per cent penalty and interest 12 per cent from 1 March, 1897.

The United States Court rendered judgment upon the verdict for an amount in excess of the penalty of the said bond. Execution was issued upon the said judgment, and the amount of the bond and the costs were paid by the plaintiff Miller. He brought this action to recover the said amount so paid by him, and offered in evidence a certified copy of the record in the District Court, showing the amount of the recovery there against him and the payment of the same. He contended in the court

below, and also in this Court, that this record, which showed
a verdict and judgment against him for the amount which he
was compelled to pay, under the execution thereafter issued
upon the judgment, was, at least, *prima facie* evidence that
Pitts, as principal, owed the amount, and that he had been com-
pelled to pay it by judicial proceedings in the United States
Court. There was no controversy as to the fact that the plain-
tiff had paid the amount of the bond and the costs, but this fact
was admitted. The court below ruled that the record of the
proceedings in the United States Court was not *prima facie*
evidence of the debt and the payment thereof by the plaintiff
as a cosurety of the defendant Epley, and it was thereupon ad-
judged that the plaintiff take nothing by his action, and that
the defendant Epley recover his costs. The plaintiff excepted
to this judgment and appealed to this Court.

We think his Honor erred in holding that the record of the
United States District Court, which was duly and properly
certified, was not *prima facie* evidence of the indebtedness of
Pitts as principal, under the distiller's bond, to the Govern-
ment. The case in that court was tried upon issues submitted
to the jury, who found the fact of indebtedness, and judgment
was rendered thereon. The plaintiff was thereafter compelled,
by the execution issued from that court, to pay the sum of $500,
which was the penalty of the bond, and the costs of the suit. It
is true that Epley, by his answer in this case, denies that there
was any breach of the bond, but he offered no proof in the court
below to that effect, and there is no suggestion by him or his
counsel that there was any collusion between the Government
and the defendants in the prosecution of the action in the
United States Court upon the bond to recover the penalty
thereof, or in obtaining the judgment.

In 2 Brandt on Suretyship and Guaranty (3 Ed.), sec. 807,
it is stated that "in an action for contribution between cosure-
ties, the record of a judgment recovered by the creditor against
the principal and one of the sureties, to which the other surety
is not a party, is competent evidence to prove the rendition of
such judgment by way of inducement to further evidence that
the surety, against whom it was rendered, has paid it." See,
also, sec. 805, where it is said that "In an action of *assumpsit*
by a surety against his principal, to recover indemnity for
money paid for the latter by the former, the record of a judg-
ment against the surety, although rendered without notice to
the principal, is *prima facie* evidence of the sum due by the
principal, of the obligation of the surety to pay, and of the assent
of the principal to the payment." *Presler v. Stallworth,* 37
Ala., 402.

This Court, in *Armistead v. Harrimond,* 11 N. C., 339, held that a judgment against an administrator is evidence against his surety of the existence of the debt upon which the judgment was recovered, though it was not at that time evidence against the surety that the administrator had sufficient assets with which to discharge the indebtedness. This case was cited with approval in *Brown v. Pike,* 74 N. C., 531.

In consequence of prior decisions of this Court, the act of 1844, ch. 38, was passed, and in the construction given to that act in *Brown v. Pike, supra,* the judgment was made evidence against the surety, both as to the existence of the debt and of assets sufficient to pay it; but by the act of 1881, ch. 8, the Legislature amended the act of 1844, so as to make such a judgment only presumptive evidence against the sureties, whether they were parties to the action in which the judgment was recovered against the principal or not. Revisal, sec. 285. We think, therefore, it is settled as a general principle of the law, that a judgment recovered against a surety is, at least, *prima facie* evidence, or presumptive evidence, of the debt in an action afterwards brought by him against his principal or cosurety to be indemnified, provided that the payment by him of the amount so recovered is either shown or admitted. *Leak v. Covington,* 99 N. C., 559. He recovers of the principal the entire debt which he has paid, and of the surety his ratable part. It was admitted in this case that the principal, Abel Pitts, is insolvent.

It is true, the court ruled that the record of the United States District Court was not evidence against the defendant; but it is apparent, from the pleadings and findings of fact, that there is no real dispute between the parties as to the truth of the matters set out in the record, if it is evidence against the defendant.

We, therefore, hold that there was error in the ruling of the court as to the effect of the record, and reverse the judgment. The case will be remanded with directions to enter a judgment for the plaintiff.

Reversed.