The facts, briefly stated, are that on 23 April, 1909, L. S. MacEnaney, a resident of the city of Chicago, entered into an agreement with the Dixie Fire Insurance Company of Greensboro, N.C. whereby he became the general agent for said company in the States of Illinois and Indiana for the purpose of writing and effecting fire insurance and collecting premiums and remitting same to the Dixie Fire Insurance Company at its home office in the city of Greensboro. In said written contract of agency it was provided that the agent MacEnaney furnish to the Dixie Fire Insurance Company a bond in the sum of $10,000 in some guaranty company acceptable to the said Dixie Fire Insurance Company for the faithful performance of his duties under the contract. MacEnaney applied to the American Bonding Company of Baltimore for a fidelity bond, and the same was *Page 319 
executed by said bonding company and delivered to MacEnaney to be transmitted to the Dixie Fire Insurance Company, at its home office in the city of Greensboro, for its approval, which said bond the Dixie received, inspected, and approved. The bond covered a period from 1 February, 1909, to 1 February, 1910, and provided, among other things, "that if the employee shall in the position of general agent in the employer's service make good to the employer within thirty days any loss sustained to the employer by larceny or emblezzlement [embezzlement] committed by the employee during the term commencing on 1 February, 1909, at 12 o'clock, noon, and ending on 1 February, 1910, at 12 o'clock, noon, this obligation shall be null and void; otherwise, in full force and effect."
This action is brought to recover for a breach of the bond. We will not consider seriatim the thirty-five assignments of error, but only such as we regard as pertinent in determining the real (388) points of controversy.
1. There is no merit in the exception to the issues. Those submitted embrace the controverted facts set out in the pleadings, and under them the defendant had opportunity to make every possible defense. McCall v.Galloway, ante, 353; Clark's Code, sec. 391.
2. The indemnity bond is a contract solvable in North Carolina and is to be construed and enforced under the laws of that State. The bond was a species of indemnity insurance in which the plaintiff was the beneficiary, taken out for its benefit and not for the benefit of its agency. It may have been taken out by MacEnaney in Chicago, but it was intended by defendant that it should be transmitted and delivered to plaintiff at its general offices in Greensboro, North Carolina.
It is provided in the written contract creating MacEnaney an agent of the Dixie Fire Insurance Company, that MacEnaney shall furnish a general fidelity bond satisfactory to the company, and the evidence is undisputed that MacEnaney obtained the bond from defendant and sent it to the Dixie Fire Insurance Company, at its home office in the city of Greensboro, where and when it approved and accepted same.
This State is, therefore, the locus pro solutione and the locuscelebrationis of the contract. Pritchard v. Norton, 106 U.S. 104; Bell v.Packard, 31 Am. Rep., 251; Dickerson v. Edwards, 33 Am. Rep., 671; AmericanMortgage Co. v. Jefferson, 69 Miss. 70; Scott v. Perlee, 48 Am. Rep., 421;Millikan v. Pratt, 125 Mass. 374; Hill v. Chase, 143 Mass. 129; Bell v.Packard, 69 Me. 105.
Millikan v. Pratt, supra, is a case which we think is directly in point, the facts in this case being that the plaintiff resided in Portland, Maine, *Page 320 
and the defendant was the wife of Daniel Pratt and resided with her husband in Massachusetts. He, Daniel Pratt, asked credit of the plaintiffs, and they required a guarantee, which he procured, and had the defendant, his wife, to execute the same at her home in Massachusetts, and there delivered it to her husband, who sent it by mail (389) from Massachusetts to the plaintiffs in Portland. The plaintiffs received it from the postoffice in Portland. Chief JusticeGray, in discussing the locus celebrationis, used the following language:
"The contract between the defendant and plaintiff was complete when the guarantee had been received and acted upon by them while at Portland, and not before. It must therefore be treated as made and to be performed in the State of Maine," citing cases to sustain this position.
In Minor on Conflict of Laws, page 372, this rule is laid down:
"Notes, deeds, and other contracts of that character do not become completed and binding contracts merely by the fact of the promisor's signing them. They must also be delivered. Hence, if the signing occurs in one State, while the delivery takes place in another, the latter State, not the former, is the locus celebrationis."
Having concluded that this State is the place where the contract is to be construed and performed according to the plain intention of the parties, it necessarily follows that it is immaterial to inquire whether under the laws of Illinois a breach of the bond has been proven.
There is evidence sufficient to be submitted to a jury that plaintiff's agent, MacEnaney, fraudulently and feloniously converted to his own use the sum of $5,007.21 of plaintiff's money, as found by the jury under the first issue. This constituted embezzlement under the law of this State. S. v.MacDonald, 133 N.C. 682.
3. The cause of action is not barred for failure to give notice to defendant under section 3 of the contract.
The evidence was undisputed that the first information plaintiff had of the defendant's having collected the amount in controversy for and on behalf of the company, and refused to make good to it the amount so collected, was on 20 January, 1910, and that on the 25th day of the same month the bonding company was notified by letter of the default of the agent MacEnaney. The facts being undisputed, it became a question of law to be passed upon by the court as to whether or not the delay of five days in notifying the bonding company was (390) unreasonable. May on Insurance, sec. 462; Joyce on Insurance, 3229.
In Building Co. v. Fidelity Co., 118 Iowa 729, reported in92 N.W. 686, it is held that "a delay of six or eight days in notifying a surety *Page 321 
company of an employee's defalcation, where no prejudice resulted, was not as a matter of law a violation of the condition of the bond requiring immediate notice." Insurance Co. v. Hazen, 110 Pa., 530.
This provision of the contract stating that the employer shall give the surety immediate notice is not of a character to avoid the entire contract unless performed literally. It is not in the form of a condition or an express warranty, and therefore failure to strictly comply will not always prevent a recovery.
An examination of this bond shows that by its express terms a failure to comply with some of its provisions renders it void. But failure to give immediate notice by telegraph is not expressly made a ground of forfeiture. The maxim expression unius est exclusio alterius applies. Ostrander, sec. 223; Gerringer v. Insurance Co., 133 N.C. 412; Dixon v. Insurance Co., Ins. L. Journal, Dec., 1912, page 1863.
It is declared in Joyce on Insurance, sec. 3282, referred to in this opinion, "If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated.Assurance Co. v. Hanna, 60 Neb. 29; Insurance Co. v. Downs, 80 Ky. 336;Steele v. Insurance Co., 93 Mich. 81.
4. This cause of action is not barred under section 9 of the contract, which provides that "no suit or proceeding at law or in equity shall be brought against the surety after the expiration of six months from the end of the time during which, under the terms of this bond, the employer's claim may be filed with the surety.
As this contract is governed by the laws of this State, it is subject to the statutes of North Carolina. Revisal, sec. 4809, forbidding the time for bringing suit on contracts of this character (391) to less than one year.
This bond contains a clause, "that if the employee shall in the position of general agent in the employer's service make good to the employer within thirty days any loss sustained by the employer by larceny or embezzlement committed by the employee," etc.
The undisputed evidence shows that the first intimation of loss as contemplated by the bond was on 20 January, 1910, and under the terms of said bond the agent, MacEnaney, had thirty days within which to make good to the company, to say nothing of the ninety days allowed the agent to make good under the contract of agency. *Page 322 
The action was commenced 1 February, 1911. His Honor correctly held that the action, according to all the evidence, was not barred by lapse of time before 20 February, 1911.
5. It is contended that the court erred in admitting in evidence the duly certified record of the municipal court of Chicago, a court of record, of the judgment of this plaintiff against the agent, L. S. MacEnaney, for $5,007.21. It must be admitted that the admission of this judgment record in an action against the surety company cannot be justified under our Revisal, 285. We must resort to the precedents, and we admit they are in hopeless discord. In a learned note to the case of Charles v. Hoskins, 83 Am. Dec., 380, the annotator, Judge Freeman, says:
"The question how far a judgment or decree is conclusive against a surety of a defendant, or against one who is liable over to a defendant, and who was not a party to the action, is involved in the greatest confusion. Between the intimate relations which exist between such a person and the defendant in the suit, on the one side, and the fundamental principle that no one ought to be bound by proceedings to which he was a stranger, on the other, the courts have found it difficult to steer."
It seems that our predecessors in office upon this Bench have intimated, and in one case held, that such judgments, unaided by (392) the statute, are inadmissible in evidence against the surety. Moore v. Alexander, 96 N.C. 36.
But an examination of the question has convinced us that the decided trend of modern authority is to the effect that such a judgment against the principal prima facie only establishes the sum or amount of the liability against the sureties, although not parties to the action, but the sureties may impeach the judgment for fraud, collusion, or mistake, as well as set up an independent defense. Charles v. Hoskins, 83 Am. Dec., 379, and notes. In the notes to this case all the authorities are carefully reviewed.
In that case it is said: "When one is responsible by force of law, or by contract for the faithful performance of the duty of another, a judgment against that other for failure of the performance of such duty, if not collusive, is prima facie evidence in a suit against the party so responsible for that other."
6. His Honor erred in admitting the declarations of MacEnaney, as the defendant MacEnaney was no party to this action, and if he had been his declarations would be competent only against himself. They were made some time after his agency had been terminated, and were no part of the resgestae. *Page 323 
The general rule is well settled that the admissions of the principal can only be received as evidence against the surety when they are made during the transaction of the business for which the surety is bound so as to become a part of the res gestae. Admissions and declarations made after the employment has ceased are not competent to bind the surety. InsuranceCo. v. Bonding Co., 40 L.R.A. (N.S.), 662, and cases cited.
His Honor further erred in instructing the jury that "there is no controversy about the fact that he converted $5,007.21 of the plaintiff's money to his own use. The only question for you to decide upon is whether he did that with a fraudulent intent." We find no such admission in the record. The judgment of the Chicago court was only prima facie evidence of the amount. It remained still a contested issue.
New trial.
(393)