COMMISSIONERS OF CHOWAN COUNTY v. CITIZENS BANK, INC., ET AL.

(Filed 11 September, 1929.)

**Principal and Surety B c—Admissions of administrator of principal are not admissible against surety when their interests are at variance.**

A judgment upon the admissions in the answer of the administrator bank of a deceased county treasurer is not competent in an action by the county commissioners as evidence against the surety on the official bond of the deceased when the bank has been made a party defendant and the surety at once raises the issue as to whether a part of the defalcation was moneys defaulted from the bank when the deceased was acting as its assistant cashier, the interest of the bank and the surety being in conflict, and C. S., 358, not applying in such cases.

APPEAL by defendant, Maryland Casualty Company, from *Devin, J.,* at April Term, 1929, of CHOWAN.

Civil action by the commissioners of Chowan County to recover of the Citizens Bank, Inc., administrator of the estate of W. H. Ward, deceased treasurer of Chowan County, and the Maryland Casualty Company, surety on his official bonds, the sum of $17,733.56, alleged shortage in the official accounts of the said deceased treasurer.

The answer filed by the administrator admits liability for the full amount demanded, and upon this admission judgment on the pleadings was accordingly rendered against the administrator. This judgment, over objection, was then offered in evidence against the surety.

The Maryland Casualty Company contends that $10,260 of this amount is not properly chargeable against the official accounts of the deceased treasurer, but represents a claim of the Citizens Bank, Inc., against the estate of W. H. Ward, deceased, who was also assistant cashier of said bank at the time of his death, for moneys misappropriated by him as its assistant cashier and used to discharge, in part, his obligations to the county.

The Citizens Bank, Inc., on motion of the Maryland Casualty Company, was made a party defendant, and in its answer takes issue with the position of the surety.

A jury trial was waived, and all the parties agreed that the judge should find the facts and render judgment accordingly. No specific facts are found, but the judgment recites "and the court having found the facts and being of opinion and so finding, that the plaintiff is entitled to recover of the defendant, Maryland Casualty Company," the full amount of the alleged shortage, it is considered and adjudged, etc.

The Maryland Casualty Company appeals, assigning errors.

*W. D. Pruden and McMullan & LeRoy for plaintiffs.*
*W. S. Privott and Aydlett & Simpson for defendant, Citizens Bank.*
*Manning & Manning for defendant, Maryland Casualty Company.*

STACY, C. J. It appearing that the interests of the Citizens Bank, Inc., and the Maryland Casualty Company are in conflict with respect to the amount of the alleged shortage in the official accounts of the deceased county treasurer, we are of opinion that the judgment rendered on the admission of the Citizens Bank, Inc., as administrator, should have been excluded as evidence against the surety, notwithstanding C. S., 358, which provides that in actions on official bonds, any receipt or acknowledgment of the obligors shall be admissible and competent as presumptive evidence against any or all of the sureties. This statute has no application to self-serving receipts or acknowledgments made by a party under circumstances such as disclosed by the present record. The judgment was entered on the day of trial, over objection of the surety, and, in view of the relationship disclosed, we are of opinion that the objection should have been sustained. This was the only opportunity the surety had to challenge the correctness of the judgment, or to attack it in any way.

The administrator having a personal or corporate interest at variance with that of the surety will not be permitted to create evidence favorable to its personal or corporate interest, and practically foreclose the rights of the surety, by admitting liability when the facts are in dispute. It is true that in the instant case, the answer of the administrator was filed before the bank, in its corporate capacity, was brought in as a party defendant, but its corporate interest was apparent at the time of trial. There was nothing said in *Insurance Co. v. Bonding Co.,* 162 N. C., 385, 78 S. E., 430, which, when properly applied, militates against our present position. That case dealt with an unquestioned judgment against the principal, previously entered in another court and in a separate suit.

The cause will be remanded for a fuller finding or determination of the facts and for further adjudication of the rights of the parties.

Error and remanded.