CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY v. ROBERT G. LASSITER & COMPANY, a Corporation, and LONDON AND LANCASHIRE INDEMNITY COMPANY OF AMERICA.

(Filed 1 May, 1935.)

1. **Principal and Surety C e—Judgment against principal is ordinarily prima facie evidence against surety in action against it.**

Where there is no conflict in the interests of the principal and surety, a judgment against the principal is *prima facie* evidence against the surety, C. S., 358, although rendered against the principal in a prior action to which the surety was not a party, but in such case the surety may attack the judgment for fraud, collusion, or may set up an independent defense.

2. **Same—Surety held entitled to submission of issue of its indebtedness in action in which judgment by default was entered against principal.**

Where the surety is a party to an action against the principal in which judgment by default final is entered against the principal, and the surety sets up the sole defense that the surety bond sued on had not been validly

executed by the surety, and its motion of nonsuit based upon such defense is granted in the lower court but reversed on appeal, the surety cannot attack the judgment against the principal for fraud or collusion, and may not set up an independent defense, but the surety is entitled to have an issue submitted to the jury as to what amount, if any, the surety is indebted to the plaintiff, the surety having denied plaintiff's allegation of indebtedness, and the judgment against the principal being only *prima facie* evidence thereof, and the entering of a summary judgment against the surety for the amount of the judgment against the principal is error. C. S., 358.

APPEAL by defendant indemnity company from *Frizzelle, J.,* Second November Term, 1934, of WAKE. Reversed.

The judgment of the court below is as follows: "This cause coming on to be heard upon the judgment of the Supreme Court of North Carolina, reversing the judgment of his Honor, H. A. Grady, judge presiding, at Second June Term, 1934, of the Superior Court of Wake County: It is now ordered and adjudged that plaintiff recover of the defendant London and Lancashire Indemnity Company of America the sum of $4,407.07, with interest thereon from 20 June, 1933, until paid, and the costs of this action, to be taxed by the clerk. J. Paul Frizzelle, Judge presiding at Second November Term, 1934."

To the foregoing judgment the defendant indemnity company excepted, assigned error, and appealed to the Supreme Court. The only exception and assignment of error was to the judgment as signed.

*Murray Allen for plaintiff.*
*J. M. Broughton for defendant Indemnity Company.*

CLARKSON, J. This action has been heretofore before this Court, 207 N. C., 408. At page 412, we said: "In two aspects we think the judgment of nonsuit in the court below should be overruled. First: The agent and attorney in fact, Stacey W. Wade & Son, were acting within the scope of their apparent authority," etc. . . . "The plaintiff had no notice of the lack of authority. Second: Where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes a confidence, or by his negligent conduct made it possible for the loss to occur, must bear the loss." There was a petition for rehearing in this case, which was denied on 25 March, 1935.

The record on the former appeal discloses that defendant Robert G. Lassiter & Company filed no answer, and a judgment by default final was entered as to it; further, "this cause is retained and transferred to the civil issue docket for trial upon the issues raised by the answer of the defendant London and Lancashire Indemnity Company of America to the plaintiff's complaint."

When the action came on for trial, as to the indemnity company, the following judgment was rendered: "This cause coming on to be heard and being heard at the second June Term, 1934, of Wake Superior Court, before his Honor, Henry A. Grady, judge presiding, a jury trial being waived, and at the conclusion of the plaintiff's evidence, a motion having been made by the defendant London and Lancashire Indemnity Company of America for judgment as of nonsuit, which motion was denied, and evidence having been offered by said defendant, and further evidence by the plaintiff in rebuttal, and the motion for nonsuit having been renewed by the defendant London and Lancashire Indemnity Company of America, at the conclusion of all the testimony; and it appearing to the court from all the testimony that the bond sued on herein was not validly executed as to defendant London and Lancashire Indemnity Company of America, and that said defendant is not bound thereby nor liable thereon; it is ordered, adjudged, and decreed that the motion of defendant London and Lancashire Indemnity Company of America for judgment as of nonsuit be and it is hereby allowed, and that this action be dismissed as to said defendant, and that said defendant shall recover of the plaintiff its costs herein incurred, as the same shall be taxed by the clerk of this court."

This judgment was reversed by this Court, for the reasons before given. The agreed statement of case on the former appeal is as follows: "This is a civil action, brought by plaintiff Charleston and Western Carolina Railway Company against the defendants Robert G. Lassiter & Company and London and Lancashire Indemnity Company of America, to recover the sum of $4,407.07, together with interest thereon from 20 June, 1933, until paid, alleged to be due on account of tariff charges on and/or in connection with freight shipments delivered by plaintiff to the defendant Robert G. Lassiter & Company. The defendant Robert G. Lassiter & Company did not answer, and on 6 November, 1933, judgment by default final was rendered against it. The defendant London and Lancashire Indemnity Company of America filed answer, and the cause was thereupon transferred to the civil issue docket for trial of the issues joined. The defendant London and Lancashire Indemnity Company denied liability to plaintiff under bond executed in its behalf by its agent, Stacey W. Wade, alleging that the said Stacey W. Wade did not have the power and authority to execute the same."

There was a judgment by default against the principal, Robert G. Lassiter & Company, for $4,407.07, together with interest from 20 June, 1933, until paid. Under the decisions of this Court, the issue should have been submitted to the jury: In what amount, if any, is the London and Lancashire Indemnity Company of America indebted to the plaintiff? This is the sole and only question left undetermined by the

decision of this Court. If Robert G. Lassiter & Company owed the sum of $4,407.07, and interest, as above set forth, then the indemnity company is liable to plaintiff for that sum.

In *Armistead v. Harramond*, 11 N. C., 339, it was held that a judgment against an administrator was evidence against his surety of the existence of the debt upon which the judgment was recovered, though it was not at that time evidence against the surety that the administrator had sufficient assets with which to discharge the indebtedness. In consequence of this and other decisions of this Court, chapter 38, Public Laws 1844, was passed, and in *Brown v. Pike,* 74 N. C., 531, it was held that under the statute, a judgment was evidence against the surety, both as to the existence of the debt and of assets sufficient to pay it, but by the Acts of 1881, chapter 8, the Legislature amended the Act of 1844, so as to make a judgment only presumptive evidence against the sureties, whether they were parties to the action in which the judgment was recovered or not. C. S., 358. *Miller v. Pitts,* 152 N. C., 629.

While C. S., 358, fixed the rule as to actions brought upon the official bonds of clerks of courts, sheriffs, coroners, constables, or other public officers, and also upon the bonds of executors, administrators, collectors, or guardians, the precedents were in hopeless discord as to bonds not covered by the statute, until *Associate Justice Brown* laid down the rule in *Insurance Company v. Bonding Company,* 162 N. C., 384 (392): "But an examination of the question has convinced us that the decided trend of modern authority is to the effect that such a judgment against the principal *prima facie* only establishes the sum or amount of the liability against the sureties, although not parties to the action, but the sureties may impeach the judgment for fraud, collusion, or mistake, as well as set up an independent defense."

In Stearns on the Law of Suretyship (4th Ed., p. 300, sec. 175), we find that there are three views as to the question of the effect to be given to a judgment against the principal in establishing a liability against the surety: (1) That such judgment is not admissible against the surety; (2) that a judgment against the principal is *prima facie* evidence against the surety; (3) that such judgment is conclusive against the surety.

In *Commissioners of Chowan County v. Citizens Bank,* 197 N. C., 410, it was held that since the interests of the bank and of the bonding company were in conflict as to the amount of the shortage of the principal, an administrator of an estate, the judgment rendered on admission of the defendant bank as administrator of an estate, should have been excluded as evidence notwithstanding C. S., 358. It was declared that the statute could have no application to self-serving receipts or acknowledgments under the circumstances of that case. In other words, the

administrator having a personal or corporate interest at variance with that of the surety was not permitted to create evidence favorable to its personal or corporate interest.  It was pointed out further that the answer of the administrator was filed before the bank in its corporate interest, was brought in as a party defendant, but that its corporate interest was apparent at the time the judgment was rendered.  This case was distinguished from *Insurance Co. v. Bonding Co., supra,* upon the ground that the latter case dealt with an unquestioned judgment against the principal, previously entered in another court and in another suit.

In the instant case there is no such conflict of interests as *Chowan v. Citizens Bank, supra,* and while the surety denied indebtedness, it relied upon its contention that under the bond it was not liable to the plaintiff in any amount, and hence did not enter a defense at the trial at which judgment by default final was taken.  However, it was a party to the action and entered a defense that it was not liable under the bond as it was written.  If the judgment by default final had been rendered in another court and in another suit, it would be admissible as *prima facie* evidence against the surety in an action against the latter.  Under the circumstances such as the instant case, although the surety was a party, it relied upon the defense that it was not liable at all.  Upon that issue, it lost, and the present action is to determine for what amount, if any, the surety is liable.

The judgment by default final may be introduced as *prima facie* evidence to establish the sum or amount of the liability of the surety.  In the complaint, plaintiff alleged, section 10, that the defendants "are justly indebted to the plaintiff in the sum of $4,407.07, together with interest thereon at the rate of six per cent per annum from 20 June, 1933, until paid."

Defendant, in its answer to section 10, says: "That the allegations of paragraph ten of the complaint are denied."  The defendant indemnity company, being a party to the action in which judgment was rendered against Robert G. Lassiter & Company, cannot now set up fraud, collusion, or an independent defense. The only question is: In what amount, if any, is the indemnity company indebted to plaintiff?  The judgment of plaintiff against Robert G. Lassiter & Company is *prima facie* evidence against the indemnity company.  For the reasons given, the judgment of the court below is

Reversed.