LONZA MONTAGUE ET AL. *v.* SOL LUMPKINS ET AL.

(Filed 15 October, 1919.)

1. Judgments—Default Trial—Pleadings.

Upon allegations in the complaint of defendant's express promise to pay a definite sum of money, a judgment by default final upon failure to answer, in plaintiff's favor, is regularly entered.

2. Same—Motions to Set Aside—Affidavits—Allegations—Presumptions.

To set aside a judgment by default for the want of an answer it is necessary to allege matters which, if true, will establish a defense, the presumption being in favor of the judgment.

3. Same—Contracts—Quantum—Meruit—Damages.

A judgment by default final for want of an answer was rendered on a contract for the sale of leaf tobacco at stated price upon the delivery of several different grades, the entire purchase price being $1,000, if it should weigh 3,000 pounds, "but if less, only $900": *Held*, the contract will be construed as a whole to effectuate the intent of the parties, as a matter of law, and thus construed it appears that the defendant has sold his entire crop of tobacco, with the presumption that the contract of sale provided for the different contingencies, and against a *quantum valebat* as to the purchase price; and an affidavit upon a motion to set aside the judgment, in effect denying that the plaintiff had delivered as much as 3,000 pounds of the tobacco, is insufficient.

4. **Judgements — Default—Trial—Motions—Affidavits—Damages—Attorney and Client.**

> Upon motion to set aside a judgment by default final, for the want of an answer rendered upon a contract for the sale of so many pounds of leaf tobacco at a stated price, the affidavit of the defendant's attorney set forth among other things that the tobacco delivered to the defendant was in such damaged condition as to greatly decrease its value and was not up to the quality that it was in at the time of the purchase, etc.: *Held*, too indefinite, for it does not show that the plaintiff was not responsible for the damages; and further, insufficient as coming only from the attorney, who could only speak by hearsay.

APPEAL by defendants from *Allen, J.,* at June Term, 1919, of WAKE.

This is a motion to set aside a judgment on the ground of excusable neglect.

The action is to recover a balance of $300 alleged to be due for tobacco sold and delivered to the defendants under the following contract:

"This is to certify that I have bought Lonza Montague's crop of tobacco for one thousand dollars, not less than three thousand pounds, one lot of tips, next to tips, and primings graded. He is to draw six hundred dollars when tips is delivered, three hundred when the next load, and one hundred when the last is delivered, if there is 3,000 pounds.

16 October, 1918.

(Signed)   LUMPKIN & PERRY,<br>Per J. R. P."

The plaintiffs filed a duly verified complaint, alleging the delivery of the tobacco to the defendants and the payment of $600 thereon.

It was not alleged that there were 3,000 pounds of the tobacco.

The plaintiffs also alleged that the defendants owed them $24.16 for stripping the last load of tobacco which they had promised to pay.

One of the defendants filed an affidavit in support of the motion to set aside the judgment, and in it he stated no facts showing a meritorious defense. The following affidavit was also filed:

J. W. Bunn, being duly sworn, says that he is attorney for the defendants in the above entitled action; that the said defendants have a good and meritorious defense to the cause of action alleged in the complaint, as follows:

The plaintiffs failed to comply with the terms of the contract, which is set forth in the complaint, in that they delivered to the defendants only about twenty-five hundred pounds of tobacco when, according to the defendants' construction of the contract, the quantity of tobacco should have been three thousand pounds; that the tobacco, as delivered to the defendants, was in such damaged condition as to greatly decrease its value, and that it did not measure up in quality and condition to

what it was at the time it was purchased by the defendants from the plaintiffs. That, taking into consideration the quantity of tobacco and the condition at the time of its delivery by plaintiffs to the defendants, the defendants are indebted to plaintiffs in the sum of about one hundred and eighteen dollars ($118), which sum has been tendered by the defendants to the plaintiffs, and the plaintiffs refused to accept same in payment of the balance due them under the terms of the contract.

J. W. BUNN.

Subscribed and sworn to before me, this 19 June, 1919.

VITRUVIUS ROYSTER,
*Clerk Superior Court.*

There were other affidavits filed on the question of excusable neglect. The motion was denied, and the defendants appealed.

*J. G. Mills and Douglass & Douglass attorneys for plaintiffs.*
*J. W. Bunn and Murray Allen attorneys for defendants.*

ALLEN, J. The complaint, which is verified, alleges an express promise to pay a definite sum of money, and under the authorities it was not irregular to enter judgment in favor of the plaintiffs by default final upon failure to answer. *Hartman v. Farrior,* 95 N. C., 177; *Miller v. Smith,* 169 N. C., 210.

It is also equally well settled that a judgment by default will not be set aside unless *facts* are alleged which, if true, would establish a defense.

"The court having jurisdiction of the subject and the parties, there is a presumption in favor of its judgment, and the burden of overcoming this presumption is with the party seeking to set aside the judgment. He must set forth facts showing *prima facie* a valid defense, and the validity of the defense is for the court and not with the party. Although there was irregularity in entering the judgment, yet unless the Court can now see reasonably that defendants had a good defense, or that they could not make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside now and then be called upon soon thereafter to render just such another between the same parties? To avoid this, the law requires that a *prima facie* valid defense must be set forth." *Jeffries v. Aaron,* 120 N. C., 169, approved in *Miller v. Smith,* 169 N. C., and in other cases.

Counsel do not contest the correctness of these principles, and they further admit that no defense has been shown unless the contract sued on required the plaintiffs to deliver three thousand pounds of tobacco, which has not been done.

The determination of the appeal turns then on the construction of the contract, which is a question of law for the Court (*Young v. L. Co.,*

147 N. C., 26), and in the effort to ascertain the intent of the parties, which is the purpose of all construction, we must deal with the contract as an entirety.

"In Paige on Contracts, sec. 1112, we find it stated: 'Since the object of construction is to ascertain the intent of the parties, the contract must be considered as an entirety. The problem is not what the separate parts mean but what the contract means when considered as a whole.' " *R. R. v. R. R.,* 147 N. C., 382.

Following this principle and looking at the whole contract and not at separate parts, it seems to us clear that the plaintiffs sold their entire crop of tobacco, and that the defendants agreed to pay $1,000 if it weighed 3,000 pounds, but if less, only $900.

Provision is made for the payment of $600 "when tips is delivered," $300 "when the next load," "and then $100 when the last is delivered, if there is 3,000 pounds."

If this is not what the parties intended they have made a contract for the sale of a crop of tobacco, making no provision for the purchase price if it should not weigh 3,000 pounds, leaving the defendants in that event to pay nothing or upon a *quantum valebat,* which is contrary to the presumption that a written contract covers the different contingencies that may arise as far as they can be reasonably foreseen.

We are therefore of opinion no defense has been shown and that the motion was properly denied.

The allegations as to damage to the tobacco contained in the affidavit are too indefinite, and do not show that the plaintiffs are in any way responsible, and, besides, these allegations are in the affidavit of the attorney, who could only speak by hearsay, and not in the affidavit of either of the defendants.

Affirmed.