S. G. GARNER v. J. G. QUAKENBUSH, W. W. GARRETT AND
M. W. McPHERSON.

(Filed 23 April, 1924.)

**1. Judgments—Pleadings—Default—Motion to Set Aside—Claim and Delivery—Replevin—Principal and Surety.**

A judgment by default for the want of an answer wherein the defendant has replevined personal property in claim and delivery, and cannot restore it, and has since been adjudged a bankrupt, will not be set aside for excusable neglect for the failure of an attorney employed by the defendant to file the answer, or upon the ground that if the property had been returned by defendant it would have been subject to liens superior to the claim of the plaintiff.

**2. Bankruptcy—Liens—Priorities—Mortgages.**

Proceedings in bankruptcy can only affect judgment liens acquired within the four months prior period, and not the lien of a valid mortgage included in the judgment subsisting theretofore.

**3. Judgments—Pleadings—Default—Motions to Set Aside—Excusable Neglect—Meritorious Defense.**

Upon motion to set aside a judgment by default final for the want of an answer upon the ground that it should have been by default and inquiry, the movant must show a *prima facie* case entitling him to this relief, or that a different result would probably follow.

**4. Same—Bankruptcy—Mortgages—Liens—Claim and Delivery—Replevin—Principal and Surety.**

As against the trustee in bankruptcy of a mortgagor of personal property, replevined in claim and delivery by the mortgagor, the surety on replevin bond may show by his evidence on his motion to set aside a judgment by default final for the want of an answer, that the judgment should have been by default and inquiry, upon the ground that the property replevined was insufficient in value to pay off the judgment in the mortgagee's favor. *Semble,* the question as to what extent the judgment should otherwise share in the bankrupt's estate is within the jurisdiction of the bankrupt court.

APPEAL by defendants from *Stack, J.,* at October Term, 1923, of MOORE.

This was a motion to set aside a judgment which had been rendered by default final for want of an answer alleging irregularity in its rendition, and also excusable neglect.

The action was upon a note for $400, dated 10 November, 1921, with claim and delivery proceedings for the possession of four mules and two horses mortgaged to secure the payment of the note. The stock was seized by the sheriff, and the defendant Quakenbush, with Garrett as surety, gave the usual replevin bond to secure its return. Judgment was taken by default final against both Quakenbush and Garrett, his surety, before the clerk on 25 February, 1922, and some months later, after the judgment had been docketed in Alamance and execution sent to the sheriff of that county, motion was made on 15 July, 1922, to set aside the judgment, and on 5 August, 1922, a similar motion was made by M. W. McPherson, trustee of Quakenbush, who had been declared a bankrupt on 20 May, 1922. These motions were denied by the clerk, and on appeal, Stack, J., affirmed his judgment, finding as facts that the summons on this action issued on 21 December had been personally served on the defendant Quakenbush on 24 December, 1921, and that on 27 December, under the claim and delivery proceedings, which had been instituted simultaneously with the issuance of the summons, the sheriff seized the four mules and two horses, which were in the possession of defendant Quakenbush, and he executed the replevin bond in the usual form, with Garrett as surety, whereupon the said personal property was redelivered to Quakenbush. There was no request on the part of the plaintiff to enlarge the time for filing the complaint, which was filed on 4 February, 1922. The defendant Quakenbush did not move to dismiss said action on account of the failure to file complaint, and on 25 February, 1922, the clerk rendered the judgment set out in the record proper in favor of the plaintiff and against Quakenbush and Garrett, his surety on the replevin bond. On 24 March, 1922, the clerk issued execution against Quakenbush and Garrett, his surety, to Alamance County where they resided; none of the mules and horses were returned to the plaintiff and no part of the said judgment has been collected, and the horses and mules are not now in the possession of either defendant, and cannot now be found.

The court further found as a fact that when the action was instituted the defendant consulted a regular practicing attorney, resident in Alamance, and employed him to represent him in the case, but said attorney failed to file an answer. The defendants offered to show as a defense to plaintiff's action that if the sheriff redelivered the mules and horses to the defendant they would have been sold by other creditors holding

liens on them prior to the plaintiff's, but the court did not hold this to be a meritorious defense, and excluded such evidence.

The plaintiff moved the court to hear evidence as to the value of the mules and horses taken in the claim and delivery, and the court finds from the testimony that the personal property released upon the replevin bond was to the value of $800. The court in its discretion refused the motion to set aside the judgment for excusable neglect. The defendants appealed.

*H. F. Seawell* for plaintiff.
*J. J. Henderson and Parker & Long* for defendants.
*Coulter & Cooper* for trustee in bankruptcy.

CLARK, C. J. The court, upon the hearing properly refused the motion to set aside the judgment for excusable neglect as to Quakenbush, and held that there was not any meritorious defense shown. *Mauney v. Gidney,* 88 N. C., 203; *Stockton v. Mining Co.,* 144 N. C., 595; *McLeod v. Gooch,* 162 N. C., 122; *Cahoon v. Brinkley,* 176 N. C., 5.

It is contended that in four months after the judgment Quakenbush was adjudged a bankrupt. Section 67 F of the Bankrupt Act, relied on by Quakenbush's trustee, has reference only to liens obtained by judgment within four months. This was a judgment on a valid mortgage made more than four months before the bankruptcy, and was valid against the trustee in bankruptcy unless the plaintiff had obtained an undue advantage thereby over the other judgment creditors. The defendant is estopped to deny the validity of the mortgage, but against this, nothing is alleged or shown as to Garrett. "The liability of a person who is codebtor with, or guarantor, or in any manner a surety for a bankrupt is not altered by the discharge of such bankrupt." Loveland on Bankruptcy, sec. 296. Garrett, being a codebtor, is not discharged by the bankruptcy of Quakenbush. *Murray v. Bass,* 184 N. C., 318.

It is contended, however, that the judgment should have been by default and inquiry and not by default final. In *Jeffries v. Aaron,* 120 N. C., 167, where there was a similar motion made, the court held that there being (as in this case) no ground to sustain the motion upon the allegation of mistake, surprise or excusable neglect, it could not be modified upon the ground of irregularity, saying: "The court having jurisdiction of the subject and the parties, there is a presumption in favor of its judgment, and the burden of overcoming this presumption is with the party seeking to set aside the judgment. He must set forth the facts showing *prima facie* a valid defense, and the validity of the defense

is for the court and not for the party. Although there was irregularity in entering the judgment, yet unless the court can now see reasonably that defendants had a good defense, or that they could now make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside now and then be called upon soon thereafter to render just such another between the same parties? To avoid this the law requires that a *prima facie* valid defense must be set forth. *Jarman v. Saunders,* 64 N. C., 367; *English v. English,* 87 N. C., 497; *Mauney v. Gidney,* 88 N. C., 200."

It is true that in *Currie v. Mining Co.,* 157 N. C., 220, it is said that, if the amount for which the defendant is liable was not certain, the plaintiffs were not entitled to judgment by default final, and such judgment would be irregular, but, the judgment having been rendered, *Walker, J.,* said, in *Harris v. Bennett,* 160 N. C., 347: "Unless the Court can now see reasonably that the defendants had a good defense, or that they could make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?" citing *Jeffries v. Aaron, supra; Cherry v. Canal Co.,* 140 N. C., 423; *Williamson v. Hartman,* 92 N. C., 236. This is repeated in *Hyatt v. Clark,* 169 N. C., 178, where the Court held: "Although there was irregularity in entering the judgment, yet, unless the Court can now see, reasonably," etc., as above quoted from *Jeffries v. Aaron.*

In *Land Co. v. Wooten,* 177 N. C., 250, the Court repeats the same quotation and the above citations, and says: "Why should the Court set aside the judgment unless its appears affirmatively that there is a meritorious defense?" And in the still later case of *Montague v. Lumpkins,* 178 N. C., 270, the Court says: "It is equally well settled that a judgment by default will not be set aside unless *facts* are alleged which, if true, would establish a defense," citing *Jeffries v. Aaron, supra,* approved in *Miller v. Smith,* 169 N. C., 210, and in other cases.

The Court, in this case, has properly found that there was no ground to set aside the judgment for excusable neglect, surprise, or mistake. There is neither allegation nor proof upon that ground, and, if there had been, in its discretion the Court could have still declined to set it aside.

The final judgment was regularly entered against Quakenbush on the note and mortgage. The contract of Garret on the replevin bond was for the return of the team, or their value, and the final judgment against him should not be reopened and modified by the judgment of default and inquiry but for the fact that he alleges that the value of the team, subject to prior mortgages under which they were seized and have been sold, did not equal the amount of the judgment. It was error in the court to refuse to permit him to offer evidence to that effect, and for

this reason he is entitled to have the judgment modified into one by default and inquiry, and evidence introduced to this effect.

As to the defendant McPherson, trustee in bankruptcy, the judgment is valid as to the lien of the mortgage, which was executed more than four months prior to the bankruptcy; and as to what extent the judgment shall otherwise share in the proceeds of the bankruptcy in his hands is a matter to be adjudged in the bankruptcy court. As to him and the principal, Quakenbush, the judgment below is *affirmed;* and as to the defendant Garret, it will be *modified* into a judgment by default, and inquiry only in order that the value of the team, for which he is responsible, subject to the prior mortgages, shall be ascertained before a jury.

Modified and affirmed.