ACME MANUFACTURING COMPANY v. D. Y. KORNEGAY.

(Filed 28 March, 1928.)

1. **Appeal and Error — Record — Review of Questions ·Contradicted by Record.**

    The appellant may not insist in the Supreme Court that error had been committed by the trial court upon a state of facts contrary to the record.

2. **Pleading—Extension of Time for Filing—Power of Trial Court.**

    The authority of the Superior Court judge to set aside an order of the clerk upon the pleadings and grant extension of time to plead, etc., is not impaired by the statutory jurisdiction given the clerk.

APPEAL by plaintiff from *Devin, J.,* at December Term, 1927, of NEW HANOVER. Affirmed.

*J. G. McCormick, Bryan & Campbell and C. D. Hogue for plaintiff. W. H. Massey and K. O. Burgwin for defendant.*

ADAMS, J. This is an appeal by the plaintiff from an order of the Superior Court setting aside a judgment by default final rendered by the clerk. In his complaint the plaintiff alleged that the defendant had executed and delivered to W. C. Massey his promissory note in the sum of $500, and had secured it by a lien or chattel mortgage on certain

personal property; that the plaintiff had become a holder of the note in due course and that it was overdue; and, further, that the plaintiff was entitled to the possession of the mortgaged property. The defendant failed to file an answer within the time prescribed by law, and the clerk rendered judgment by default final. Thereafter the defendant made a motion before the clerk to set aside the judgment; the motion was denied and the defendant appealed to the Superior Court. At the hearing on appeal Judge Devin found the facts from the evidence and ordered that the clerk's judgment be set aside both for the excusable neglect of the defendant and for the irregular character of the judgment, and enlarged the time for filing the defendant's answer. The plaintiff excepted to and appealed from this order.

As we understand the record the theory upon which the appeal is prosecuted is not supported by the facts. Pursuant to Rule 27½ the appellant says in its brief that the only question involved is whether the defendant is not estopped by the order of the clerk "when there is no appeal therefrom." The appellant's argument was based upon this assumption: if the clerk's ruling was erroneous the defendant's only remedy was to appeal and have it reviewed. According to the record this is the remedy which the defendant invoked. The clerk's order contains an entry of the appeal and Judge Devin's order refers to the clerk's denial of the defendant's motion. The letters and the affidavits, except the affidavit of Edwards, which relates to transfer of the note, antedate the clerk's order, and there is nothing in the record to show that the judgment of the Superior Court was not awarded upon prosecution of the defendant's appeal. Upon the facts as presented the jurisdiction of the judge, in our opinion, is not to be questioned. C. S., 536, 637; *Caldwell v. Caldwell,* 189 N. C., 805; *Aldridge v. Ins. Co.,* 194 N. C., 683. The judgment is

Affirmed.