A. H. VANN AND J. A. MOORE, EXECUTORS OF THE LAST WILL AND TESTAMENT OF S. C. VANN, DECEASED; AND A. H. VANN AND J. A. MOORE, PERSONALLY, v. JAMES J. COLEMAN AND F. N. SPIVEY, SHERIFF OF FRANKLIN COUNTY.

(Filed 2 May, 1934.)

**Pleadings H a—Clerk's order allowing nonresident served by publication to file answer after time under C. S., 492, held without error.**

> A nonresident defendant served by publication, and failing to file answer within the time prescribed by law, may make application to the clerk before judgment for good cause shown to be allowed to file pleadings and defend the action, C. S., 492, and where upon such application and affidavits filed by him setting forth facts showing prima facie good cause and a meritorious defense, the clerk finds as a fact that he has a meritorious defense and has shown good cause, the clerk's order allowing him to file answer and defend the action will not be held for error for the clerk's failure to more specifically find the facts constituting such meritorious defense, and it is within the discretion of the judge of the Superior Court on appeal to enter an order allowing an extension of time for filing answer. C. S., 536, 637.

APPEAL by plaintiffs from *Harris, J.,* at November Term, 1933, of FRANKLIN. Affirmed.

The plaintiffs made several exceptions and assignments of error and appealed to the Supreme Court.

*G. M. Beam, J. B. Hicks and J. H. Bridgers for plaintiffs.*
*Simms & Simms and W. L. Lumpkin for defendants.*

CLARKSON, J. The question presented, as stated by plaintiffs; has the court the power to allow a defendant to plead after service of summons in the manner provided by law for nonresidents: unless the court finds facts showing good cause and a meritorious defense upon proper and competent evidence? On the first proposition, we think on the record, the facts showed good cause and the clerk so found. On the second proposition, we think, on the record there must be set forth facts showing prima facie a valid defense which was shown in this case, and the clerk so found that the defendants had a good meritorious defense. The present case was brought after the decision of this Court in *Coleman v. Vann,* 205 N. C., 436. In this action, the service of summons was by publication—the time limit was 16 September, 1933, or within 30 days thereafter, to answer or demur to the complaint. The defendant before judgment, made a motion on 20 October, 1933, before the clerk of the Superior Court of Franklin County, North Carolina, to file pleadings. The motion was accompanied by affidavit of defendant

Coleman, setting forth that his home was in Washington, D. C., and that he instantly undertook to defend the action as soon as he heard of it, on 18 October, 1933; that he had a good and meritorious defense and set forth the facts showing same, and for other reasons.

The order of the clerk, in part, is as follows: "The court further finds for the purpose of this order that the said defendant, James J. Coleman, has a good and meritorious defense to the plaintiffs' alleged cause of action, and finds that for the purposes of this order the facts are as set forth in the affidavit which the said James J. Coleman has filed in this action. The court further finds and adjudges that good and sufficient cause has been shown by the defendant, James J. Coleman, for allowing him to defend this action and for making of this order, and that this order should be made; and hereupon, it is ordered and adjudged that the defendant, James J. Coleman, be and he is allowed to defend this action, and he shall be and is permitted within thirty days from this date to plead herein. Dated this 20 October, 1933."

We see no error in this order. C. S., 492; *Burton v. Smith,* 191 N. C., 599; *Foster v. Allison Corporation,* 191 N. C., 166; North Carolina Practice and Procedure in Civil Cases (McIntosh), sec. 654. In *Montague v. Lumpkin,* 178 N. C., 270 (272), it is said: "It is also equally well settled that a judgment by default will not be set aside unless facts are alleged which, if true, would establish a defense. 'The court having jurisdiction of the subject and the parties, there is a presumption in favor of its judgment, and the burden of overcoming this presumption is with the party seeking to set aside the judgment. He must set forth facts showing prima facie a valid defense, and the validity of the defense is for the court and not with the party. Although there was irregularity in entering the judgment, yet unless the court can now see reasonably that defendants had a good defense, or that they could not make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside now and then be called upon soon thereafter to render just such another between the same parties? To avoid this, the law requires that a prima facie valid defense must be set forth.' *Jeffries v. Aaron,* 120 N. C., 169, approved in *Miller v. Smith,* 169 N. C., 210, and in other cases." *Garner v. Quakenbush,* 187 N. C., 603; *Holcomb v. Holcomb,* 192 N. C., 504; *Helderman v. Mills Co.,* 192 N. C., 626; *Crye v. Stoltz,* 193 N. C., 802; *Bowie v. Tucker,* 197 N. C., 671; *Fellos v. Allen,* 202 N. C., 375.

In the present action, a prima facie defense was set forth by defendants and the clerk found that defendants had a good and meritorious defense. The plaintiff made certain exceptions and assignments of error to the order of the clerk and appealed to the Superior Court. The judgment of the court below, in part, is as follows: "It is ordered by the

court, in the exercise of its discretion, that the time for pleading by the said James J. Coleman be and is extended so as to permit the filing of said pleading, and said James J. Coleman is allowed to file said pleading and defend in this action, and that his said pleading shall remain of record as heretofore filed. This 6 November, 1933. W. C. Harris, resident judge, etc."

It is not necessary to consider the order of Judge Harris, at the November Term, 1933, it was made by consent. We see no error in the judgment of the court below. We think the matter was in the sound discretion of the court below on appeal. C. S., 536; C. S., 637; *McNair v. Yarboro,* 186 N. C., 111; *Howard v. Hinson,* 191 N. C., 366; *Manufacturing Co. v. Kornegay,* 195 N. C., 373; *Bell v. Tea Co.,* 201 N. C., 839; *Goodman v. Goodman,* 201 N. C., 808. The judgment of the court below is

Affirmed.