## J. H. BLANKENSHIP v. JULIA S. V. DeCASCO.

(Filed 24 February, 1937.)

**Judgments § 23—**

> A judgment by default final rendered upon service of summons by publication may be set aside upon proper affidavit of defendant filed within the prescribed time, showing "good cause" and a meritorious defense. C. S., 492.

APPEAL by plaintiff from *Phillips, J.*, at December Term, 1936, of BUNCOMBE. Affirmed.

This is an appeal from an order of his Honor, F. Donald Phillips, entered in the December Term of the Superior Court of Buncombe County, North Carolina, setting aside the judgment theretofore entered in the above entitled action. Process obtained by publication, defendant was a nonresident.

Plaintiff excepted to the signing of the judgment, assigned error, and appealed to the Supreme Court.

*C. E. Blackstock for plaintiff.*
*Calhey & Fisher for defendant.*

PER CURIAM. The judgment of the court below, in part, is as follows : "Upon affidavit, through the defendant's counsel, it appearing to his Honor that the defendant in the above entitled action has a right, under section 492 of the Consolidated Statutes of North Carolina, to have the judgment default final formerly entered in this cause by the clerk of the

Superior Court of Buncombe County and docketed 9 March, 1936, to be set aside. And that the same be placed upon the regular docket for trial of civil cases upon the issues raised thereby. Wherefore, it is ordered, adjudged and decreed: (1) That the judgment default final entered in this cause be set aside. (2) That the defendant be allowed twenty days in which to answer or demur to the affidavit and complaint filed by the plaintiff in this action. (3) When answer is filed and issued joined, let this cause of action be placed on the regular civil issue docket for final determination of the rights of the parties. (4) That the temporary restraining order heretofore entered upon affidavit of the defendant be continued until final determination of this cause of action. (5) That the defendant make a cash bond in the sum of $200.00 to indemnify plaintiff by reason of this permanent restraining order until such time as the issue joined therein be determined."

C. S., 492, in part, is as follows: "The defendant against whom publication is ordered, or who is served under the provisions of the preceding section, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action; and, except in an action for divorce, the defendant against whom publication is ordered, or his representatives, may in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within five years after its rendition thereof, on such terms as are just; and if the defense is successful and the judgment or any part thereof has been collected or otherwise enforced, such restitution may be compelled as the court directs. Title to property sold under such judgment to a purchaser in good faith is not thereby affected," etc. The record discloses "good cause shown" and a meritorious defense.

The case of *Vann v. Coleman*, 206 N. C., 451, is in many respects similar to the present one. We see no sufficient evidence of estoppel.

The judgment of the court below is

Affirmed.