On the trial at PITT, on the last circuit, before his Honor, JudgeSaunders, the plaintiff offered in evidence a paper, prepared by the witness, which contained a list of debts amounting to the above sum of $91.29, and which the witness said he had prepared by the direction of the defendant, the constable, who gave him the money, and requested him to tender the amount to the plaintiff. This he did, and the plaintiff refused to receive it; whereupon the defendant directed him to pay it into court, which he did. This was after the suit was commenced, but before the cause was put to issue. The plaintiff then offered in evidence the receipt of the constable for one or two other claims which he proved to be good, to the amount of $5.57. The defendant was then allowed to show, subject to the opinion of the court, that one of the claims mentioned in the list, amounting to $16.95, had been returned to the plaintiff and actually received by him before suit. (623) If this evidence were admissible, and the defendant was to be credited by the amount, then it was admitted that the sum paid into court would more than cover principal, interest, and cost at the time of paying it in, and judgment of nonsuit was to be entered; but if inadmissible, then a judgment was to be entered for the plaintiff for the sum of $5.57 and cost.
His Honor held that if the defendant admit the claim of the plaintiff he must tender the amount admitted to be due, before action brought, and plead it; or he may pay into court the amount admitted to be due after action brought, with the costs, and then the plaintiff proceeds at his peril. That the party is allowed, as a matter of course, to pay money into court, if before plea pleaded, but after plea only on leave of the court. 2 Archb. Prac., ch. 9, pp. 199, 200; 13 East Rep., 551. If the defendant pay money into court, and the plaintiff then proceeds, the practice is to have the amount thus paid stricken out of the plaintiff's declaration, and then, unless the plaintiff recovers something *Page 491 
further, he of course fails in his action. 13 East, 551. That according to this rule, upon the defendant's paying the $91.29, and the plaintiff's refusing to receive it, that sum must be stricken out of the declaration, which of course would have covered the debts enumerated in the list, as made out by the witness. That having applied the money to particular debts, the defendant cannot be allowed to change that application and apply a part to other debts. Having these views, his Honor gave judgment for the plaintiff, and the defendants appealed.
The general rule is that money may be paid into court when the action is brought for a sum certain, or capable of being ascertained by computation; but not in an action for general damages. Kallettv. E. I. Company, 2 Burr. Reps., 1120; Salt v. Salt, 8 T. R., 47; 1 Saund. Rep., 33. A defendant who has neglected to make a tender before the date of the writ may relieve himself by paying the debt into court after an action brought, together with the costs of the (624) action up to that time. After he has pleaded, he must obtain the leave of the court to pay money in; and in case the plaintiff refuse to accept the money, he proceeds at his peril, insomuch that if, at the trial, the jury shall not give him a sum exceeding the money paid into court, he will be obliged to pay the cost of the action; though he is still entitled to take the money out of court, as well in this case as in a plea of tender. For the defendant in both cases admits that the plaintiff has a cause of action to the amount of the money paid into court. 1 Saund., 33; Leigh's N. P., 171. If the money is paid into court generally, it is applicable to the whole declaration, and admits that something is due on each count; it admits the contract and breach, but it does not admit the amount of the breach there stated. Stoveld v. Brewin, 2 Barn. A., 116. If a defendant wishes to apply money paid into court to a particular count, care should be taken to have it paid in on the particular count, or it will be applicable to all the counts. Hardin v. Spicer, 1 Camp., 337, and the note. Where there are several counts for several causes of action, or several breaches are assigned in covenant, the defendant may pay into court an entire sum, in full satisfaction of all the counts or breaches. Leigh's N. P., 173, who cites Marshall v. Whiteside, 1 Meeson and Wilsby, 188. We take the law to be the same, where there are several breaches assigned upon the condition of a bond, under the Statute 8 and 9 Will. III. For each breach assigned is as a separate count in a declaration; and if the sums claimed on the several breaches can be ascertained by computation, then money paid into court *Page 492 
generally is applicable to each and every breach. In this case, the money was paid into court generally. While, therefore, it admitted a cause of action upon each breach, it left the defendant perfectly at liberty to show that the whole amount due upon all those breaches did not exceed what he had paid. The list made out by the clerk of the County Court was but a memorandum to aid the constable in ascertaining the amount which he probably owed. Being made according to his directions, it was prima facie evidence against him, and perhaps his sureties, of all that it admitted; but it did not preclude him or them from showing there were mistakes in it. We see, therefore, no (625) satisfactory reason for rejecting the testimony offered by the defendants, and, therefore, the judgment below must be reversed; and, according to the agreement of the parties, there must be judgment of nonsuit.
PER CURIAM. Judgment reversed.
Cited: Johnson v. Crawford, 61 N.C. 345.