JEFFRIES & SHELTON v. AARON & KORNEGAY.

*Practice—Irregular Judgment—Motion to Set Aside Judgment— Valid Defence.*

1. Where a judgment " final," instead of " by default and enquiry," was rendered on an open account on failure of the defendants to appear, it was error to set it aside on motion which was not put upon the ground of mistake, surprise or excusable neglect, or upon a showing of a valid defence. In such case the validity of the defence is for the court and not for the party to determine.

2. In such case, any questions of lien, homestead rights, etc., that might arise, cannot be considered until execution shall have been issued.

MOTION to set aside a judgment rendered by default final on an open account on the failure of defendants to appear and answer. The judgment sought to be set aside was as follows:

"This case coming on to be heard, it appearing to the

court that the summons on each of the defendants has been served, and there being no answer filed by the defendants, and the complaint has been duly verified, it is therefore ordered, adjudged and decreed by the court: That the plaintiff recover of. the defendant the sum of two hundred and thirty-nine dollars and eighty five cents, of which two hundred and eleven dollars and ninety-five cents is the principal, and twenty-seven dollars and ninety-five cents is the interest, with interest on two hundred and eleven dollars and ninety-five cents until paid.

"It is further ordered, adjudged and decreed: That the plaintiffs are entitled to an execution against the real estate described in the complaint as the property of the defendant, Julia D. Aaron, and the Clerk of the Superior Court is directed to issue execution to the sheriff of Wayne county, directing him to sell the above mentioned real estate for the satisfaction of the above mentioned judgment, and for costs of this action."

An execution upon this judgment was issued by the clerk.

At September Term, 1896, of WAYNE Superior Court before *Boykin, J.*, the defendant, Julia D Aaron, moved the court to set aside the judgment upon proper notice and affidavit on the grounds:

"1. That the said judgment is irregular and contrary to the course of the courts in that the action is upon an open account for goods sold and delivered, and it is not alleged that the defendants agreed to pay any particular sum therefor, but simply alleges that they were reasonably worth the amount demanded; and the judgment was rendered "by default final" instead of "by default and inquiry."

"2. That said judgment is declared to be a lien upon the real estate described in the complaint, and orders its sale for the satisfaction therof, without its appearing either in

the complaint or answer that the defendant had no personal property out of which said judgment might be satisfied, or whether there was any firm property out of which it might be satisfied, or without providing for the sale of said property before resorting to the sale of the real estate.

"3. That it provides for setting aside no homestead exemptions to the defendant, Julia D. Aaron.

"4. That there are no facts set forth in the complaint which justify an order of sale of said land, or to declare that the same is a lien upon the same; and it being a judgment by default for the want of an answer, it could only be such a judgment as was justified by the complaint."

His Honor granted the motion and plaintiffs appealed.

*Mr. S. W. Isler*, for plaintiffs (appellants).
No counsel, *contra*.

FAIRCLOTH, C. J.: As we understand it, the plaintiffs obtained a judgment "final on an open account," the defendants having failed to answer the complaint. This was irregular. Code, Secs. 385, 386; *Witt* v. *Long*, 93 N. C., 388. The judgment should have been by "default and inquiry." At a subsequent time, the defendants made a motion to have the judgment vacated and set aside on the ground of irregularity in entering a judgment "final."

The motion is not put upon the ground of mistake, surprise or excusable neglect. The court vacated and set aside the judgment. This was error. The court having jurisdiction of the subject and the parties, there is a presumption in favor of its judgment, and the burden of overcoming this presumption is with the party seeking to set aside the judgment. He must set forth facts showing *prima facie* a valid defence, and the validity of the defence is for the court, and not with the party. Although there was

irregularity in entering the judgment, yet unless the court can now see reasonably that defendants had a good defence, or that they could now make a defence that would affect the judgment, why should it engage in the vain work of setting the judgment aside now, and then be called upon soon thereafter to render just such another between the same parties? To avoid this, the law requires that a *prima facie* valid defence must be set forth. *Jarman* v. *Saunders*, 64 N. C., 367; *English* v. *English*, 87 N. C., 497; *Mauney* v. *Gidney*, 88 N. C., 200.

In this case the affidavit does not suggest that there is any mistake in the amount, nor that there is any defence that can be made.

The question of lien, homestead rights and some others are suggested in the case, but these will not call for consideration until further proceedings are had below. About these matters the parties will proceed as they are advised, when the judgment is restored and executionary process has been issued.

The order vacating the judgment is reversed.

Reversed.