CHOZEN CONFECTIONS, INC., v. W. H. JOHNSON, E. V. NEAL, LYNN McIVER and T. N. HOLMES.

(Filed 20 November, 1940.)

**1. Judgments § 10—**

In an action to recover for goods sold under consignment upon allegations that the purchaser failed to properly account and that he was guilty of fraudulent misappropriation, plaintiff is not entitled to judgment by default final upon failure of answer, but only to judgment by default and inquiry. C. S., 595, 596.

**2. Same: Indemnity § 4—**

The liability of indemnitors cannot exceed that of the principal, and therefore where plaintiff is entitled only to judgment by default and inquiry against the principal, judgment by default final against the indemnitors is irregular.

**3. Judgments § 22e—Holding, as a matter of law, that movant had failed to show meritorious defense is reviewable.**

Judgment by default was entered against the principal and the sureties on his indemnity contract for goods sold the principal upon consignment. Subsequent to the judgment the principal filed answer alleging that plaintiff had refused to accept merchandise returned and had failed to give credit therefor as required by the contract, and appealing surety moved to set aside the judgment. The principal's verified answer was ordered stricken out, but was preserved in the record by defendants' exception

CHOZEN CONFECTIONS, INC., v. JOHNSON.

and was considered by the court in passing upon the motion to set aside. *Held:* The defenses of the principal are available to the sureties, and the court's denial of the motion to set aside, upon his holding, as a matter of law, that movant had failed to show a meritorious defense, is error.

**4. Indemnity § 4—**

All the defenses of the principal are available to the sureties on his indemnity bond.

**5. Judgments § 11—**

Where, in an action for fraud, judgment by default final is rendered against a defendant upon whom no service of summons had been had, it would seem that the defendant should be permitted to enter voluntary appearance thereafter and file answer denying the matters alleged against him.

APPEAL by defendants Johnson and McIver from *Grady, J.,* at Chambers, August, 1940. From MECKLENBURG. Reversed.

Action to recover upon an account for goods sold and delivered. Plaintiff entered into contract with defendant Johnson whereby the latter agreed to sell merchandise manufactured by plaintiff, and to account for same under a consignment agreement, and the defendants McIver, Neal and Holmes executed obligation to indemnify and save harmless the plaintiff for any loss sustained on account of merchandise delivered to Johnson under the contract.

Thereafter plaintiff instituted this action against Johnson as principal, and McIver, Neal and Holmes as sureties, to recover for goods delivered to Johnson under the contract and not accounted for, alleging fraudulent misapplication on the part of Johnson. Johnson had left the State and was not served with summons. The other defendants were duly served. No answer was filed by any of the defendants, and thereupon judgment by default final for the sum of $367.83 was rendered by the clerk against defendants McIver, Neal and Holmes, on 8 January, 1940.

On 16 April, 1940, answer of defendant Johnson was filed in the office of the clerk, and at same time motion to set aside the judgment by default final was made by defendant McIver. At the hearing by the clerk the answer of defendant Johnson was ordered stricken from the record and the motion of defendant McIver was denied.

Upon exception and appeal to the Superior Court, the orders of the clerk were affirmed, the judge holding that the answer was not filed by leave of the court or by consent, and that the motion of defendant McIver to set aside the judgment of the clerk failed to show a meritorious defense. Defendants Johnson and McIver appealed to this Court.

*A. M. Jenkins and Jno. H. Small, Jr., for plaintiff.*
*K. R. Hoyle for defendants.*

CHOZEN CONFECTIONS, INC., v. JOHNSON.

DEVIN, J. It is apparent that the judgment by default final was improvidently entered. It was irregular. Under the allegations of the complaint, plaintiff was entitled only to a judgment by default and inquiry. C. S., 595, 596; *Byerly v. Acceptance Corp.,* 196 N. C., 256, 145 S. E., 236; *Supply Co. v. Plumbing Co.,* 195 N. C., 629, 143 S. E., 248; *Jeffries v. Aaron,* 120 N. C., 167, 26 S. E., 696. Nor could the liability of the sureties on the indemnity obligation exceed that of the principal. *S. v. Guarantee Co.,* 207 N. C., 725, 178 S. E., 550.

However, upon the motion to set aside the judgment on the ground of irregularity, it was incumbent upon the defendants to show a meritorious defense. *Cayton v. Clark,* 212 N. C., 374, 193 S. E., 404; *Supply Co. v. Plumbing Co.,* 195 N. C., 629, *supra.* But this, we think, was shown by the answer of defendant Johnson. True, this was ordered stricken out by the clerk, but it was preserved in the record by defendant's exception and was considered by the court below. By this verified answer, defendants offered to show as a defense that the plaintiff breached its contract with defendant Johnson, and refused to receive back large amounts of merchandise and give defendants credit therefor, which under the contract it was obligated to do, and that defendants were not indebted. All the defenses of defendant Johnson, the principal, were available to the other defendants sureties. *Bank v. Loven,* 172 N. C., 666, 90 S. E., 948. It may be noted that the ruling of the court below in declining to set aside the judgment by default final was based upon the holding that there was a failure to show a meritorious defense. *Tickle v. Hobgood,* 212 N. C., 762, 194 S. E., 461.

We think the court erred in denying the motion to set aside the judgment by default final under the circumstances disclosed by the record. It would seem also that defendant Johnson, against whom suit had been instituted for fraud, and upon whom no service of summons had been had, should be permitted to enter voluntary appearance and file answer in denial of the matters alleged against him. *Dodd v. Reese,* 128 A. L. R., 574. This appears to have been the view of plaintiff's counsel when he wrote defendants' counsel, "The plaintiff does not contest the right of Mr. Johnson to file his answer in the matter."

We conclude that the judge below erred in his ruling on the motion, and that the judgment must be reversed. This disposition of the appeal renders unnecessary the consideration of defendants' motion in this Court based upon newly discovered evidence.

Judgment reversed.