CHOZEN CONFECTIONS, INC., v. W. H. JOHNSON ET AL.

(Filed 29 April, 1942.)

**1. Principal and Surety § 13—**

The consignment agreement in suit provided that upon termination of the agreement, the consignee was to turn over to the consignor all goods and moneys then in his hands belonging to the consignor. Bond was executed to save the consignor harmless on the agreement. *Held:* Upon termination of the agreement, the liability of the sureties in regard to the turning over of the goods then in the hands of the consignee to the consignor cannot be made to depend upon whether such goods were in marketable condition.

**2. Brokers and Factors § 4—**

Upon consignment, the title to the goods remains in the consignor, and, upon the termination of the consignment agreement, whether the goods remaining in the hands of the consignee are merchantable or not does not affect title.

**3. Same—**

A provision in a consignment agreement that upon termination of the agreement the consignee was to turn over and deliver to the consignor all

goods and moneys belonging to the consignor then in the hands of the consignee, does not bind the consignee, upon termination of the agreement, to return or reship the goods, or pay for them, or be liable for their value if not surrendered in salable condition, but obligates the consignee to surrender possession of the goods and moneys then in his hands to the consignor.

**4. Same—**

A provision in a consignment agreement that the consignee, during the life of the agreement, might return goods within a specified time and receive credit therefor if the goods were in salable condition, does not affect or apply to a subsequent provision that upon termination of the agreement the consignee was to turn over and deliver to consignor all goods and moneys then in his hands belonging to the consignor.

**5. Indemnity § 4—**

The sureties have a right to stand on the terms of their contract, and are not bound by a statement signed by the principal admitting his liability.

APPEAL by defendants, W. H. Johnson and Lynn McIver, from *Hamilton, Special Judge,* at April Special Term, 1941, of MECKLENBURG.

Civil action to recover for merchandise shipped to defendant, W. H. Johnson, under consignment agreement and to hold the other defendants as sureties on indemnity bond.

The contract and indemnity bond bear date 11 August, 1938. The latter provides that W. H. Johnson, as principal, and Lynn McIver and others, as sureties, "agree to indemnify and save harmless Chozen Confections, Inc., . . . from any loss whatsoever for goods and merchandise placed with and accepted by the principal, and all moneys coming into his hands by virtue of sale of said goods and merchandise." The contract provided that the bond should be given "for the faithful accounting of all moneys, goods, wares, or merchandise that may come into his (Johnson's) hands hereunder."

The plaintiff contends that the balance due for goods shipped and for which the bondsmen are liable is $367.83. Written notice of cancellation of the contract was given by plaintiff to defendant Johnson on 26 June, 1939.

It is in evidence that the defendant Johnson had on hand at the time of the cancellation some of plaintiff's goods. He says that he offered to return them. This is denied by the plaintiff. The jury was instructed that the defendants would be liable for the goods then on hand unless "Johnson offered to turn back to the plaintiff merchantable goods." Exception.

From verdict and judgment for the full amount claimed, the defendants, W. H. Johnson and his surety, Lynn McIver, appeal, assigning errors.

8—221

*Frank H. Kennedy and Nathaniel G. Sims for plaintiff, appellee.*
*K. R. Hoyle for defendants, appellants.*

STACY, C. J.   This is the same case that has twice been before us on procedural questions, reported in 218 N. C., 500, 11 S. E. (2d), 472, and again in 220 N. C., 432, where some additional facts are set out, to which reference may be had to avoid repetition.

The consignment agreement provides that upon its termination (by written notice) "the party of the second part (Johnson) agrees to turn over and deliver to the party of the first part (Chozen Confections, Inc.) all goods, wares and merchandise, together with all moneys belonging to the party of the first part, then remaining in his hands under the terms of this agreement."

It is in evidence that the president of the plaintiff company went to see the defendant Johnson in Sanford a few days after the cancellation of the contract.   The right to turn over the goods then on hand, and receive credit therefor, was made to depend on whether Johnson offered to "turn back to the plaintiff merchantable goods."   As title to the goods was in the plaintiff and the contract at an end, it would seem the plaintiff might well have demanded of the defendant that he "turn over and deliver" to the plaintiff "all goods, wares and merchandise . . . then remaining in his hands," in accordance with the terms of the contract.   At least the rights of the sureties ought not to depend on whether the defendant offered to turn back merchantable goods.   They are not so circumscribed by the agreement.   There was no hesitancy in demanding that Johnson turn over all moneys belonging to the plaintiff, including the sale price of the goods then on hand and unsold, which latter item was in excess of the provisions of the contract.

The defendant did not refuse to turn over, yield up, or surrender, the goods then remaining in his hands.   His failure to turn back merchantable goods would not affect the title to the goods.   They still belonged to the plaintiff.   The agreement was to "turn over and deliver" the goods then on hand to the party of the first part, not to "return" them, or to "reship" them, nor yet to pay for them, or to be liable for their value, if not returned in salable condition.   It appears from Johnson's testimony: "Part of the candy I tendered back is down there in an old building yet. . . . I did not use or sell any of the candy after that date." This provision is not to be confused with another clause in the agreement providing for the "return" of merchandise "in salable condition" to the plaintiff in Charlotte, on certain conditions, during the life of the agreement.   The sureties have a right to stand on the terms of their contract. *Edgerton v. Taylor,* 184 N. C., 571, 115 S. E., 156; *Lumber Co. v. Lawson,* 195 N. C., 840, 143 S. E., 847.

It is true, the defendant Johnson signed a statement admitting his liability. This seems to have been done at the instance of the plaintiff and without a full knowledge of his rights. *Hotel Corp. v. Dixon,* 196 N. C., 265, 145 S. E., 244. It would not be binding on the sureties. *Ins. Co. v. Bonding Co.,* 162 N. C., 385, 78 S. E., 430; *Eason v. Sutton,* 20 N. C., 622.

There are other items in the account which the sureties are apparently entitled to question.

Another trial seems to be necessary. It is so ordered.

New trial.