H. B. OWSLEY AND R. P. OWSLEY, TRADING AS H. B. OWSLEY & SON, v. A. L. HENDERSON AND STANDARD ACCIDENT INSURANCE COMPANY.

(Filed 26 November, 1947.)

**1. Evidence § 36—**

Objection to the admission in evidence of an itemized, verified statement attached to the complaint is untenable when the statement is not admitted as such but is admitted only after a witness competent to testify is examined and testifies of his own knowledge concerning the matters therein contained.

**2. Principal and Surety § 18a—**

In an action on a surety bond for public construction, statements or admissions of the principal contractor made in the course of his dealings with those protected by the bond, which tend to prove the debt or the amount thereof, are competent against the surety. The rule that such statements are not binding on a surety simply means the surety is not precluded from offering evidence in contradiction thereof.

**3. Trial § 17—**

Exception of one defendant to the general admission of evidence competent solely against the other defendant, is untenable in the absence of a request at the time that its admission be limited.

**4. Appeal and Error § 40d—**

Findings of fact of the trial court when supported by competent evidence, even though there be evidence *contra*, are binding on appeal.

**5. Principal and Surety § 7—**

A bond for public construction conditioned upon the satisfaction of "all claims and demands incurred" in the performance of the contract . . . and payment for labor and material, *is held* to include rental cost of pneumatic machinery or equipment hired to do mechanical work in furtherance of the contract. G. S., 44-14.

**6. Insurance § 4—**

The rule that insurance contracts must provide the protection required by law and that if statutory provisions are not therein included they are incorporated therein by operation of law, does not preclude the parties from contracting for protection in addition to the minimum prescribed by statute.

**7. Principal and Surety § 7—**

The contention of the surety on a bond for public construction that its liability for rental charges for equipment used in the performance of the contract should be limited to the time such equipment was in actual operation is untenable, since the presence of such equipment at the job for use when needed is in furtherance of the performance of the contract.

APPEAL by defendant Standard Accident Insurance Company from *Armstrong, J.,* March 31 Term, 1947, MECKLENBURG. Affirmed.

Action to recover for rental of pneumatic machinery and equipment furnished individual defendant in the construction of public improvements.

On 20 December 1944, defendant Henderson contracted with the City of Charlotte to install two raw water pumping units at the Catawba River Pumping Station. In connection therewith Henderson, pursuant to the requirements of G. S. 44-14, executed indemnity bond in the sum of $10,432 with defendant insurance company as surety. The condition of the bond is as follows:

"Now, THEREFORE, the condition of this obligation is such, that, if the Principal shall faithfully perform the said Contract on his, its or their part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the City from all costs and damage which the City may incur in making good any such default, and shall pay all persons who have contracts directly with the Principal, or any Sub-Contractor of the said Principal for labor or material, or both, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

There is also a stipulation in the bond that it is executed under and pursuant to G. S., 44-14, which section is by reference incorporated therein.

The contract necessitated boring holes through a dam. The contractor did not possess the equipment required to do this work. He contracted with plaintiffs for the rental of certain pneumatic machinery and incidental equipment to be used in fulfilling the contract. Rentals were charged in accord with the contract and OPA regulations then in force. Monthly invoices were furnished Henderson to which he voiced no objection. He remitted for the invoices until the first week in October but thereafter defaulted. There is, as plaintiffs allege, $992.10 due and unpaid.

The statutory notice to other creditors has been published.

When the cause came on for hearing, the parties waived trial by jury and agreed that the court should hear the evidence, find the facts, and render judgment on the facts found.

The court below found the facts in detail, the facts found being in substance that plaintiffs, under contract with Henderson, rented him certain jack hammers and like labor-saving pneumatic equipment for use on the City of Charlotte job; that there is now due and unpaid on said contract of rental $992.10 with interest. It concluded that the defendant insurance company is liable for the payment thereof. Judgment was entered accordingly. Defendant insurance company excepted to each and every finding of fact and conclusion of law and to the signing of the judgment and appealed.

*J. Spencer Bell for plaintiff appellees.*

*Frank H. Kennedy and Nathaniel G. Sims for defendant Standard Accident Insurance Company, appellant.*

BARNHILL, J. The itemized, verified statement attached to the complaint was not admitted in evidence as such. It was admitted only after a witness competent to testify was examined and testified of his own knowledge concerning the matters and things therein contained. Exception thereto cannot be sustained.

Before the plaintiffs can recover against defendant surety company they must establish a debt against the contractor incurred in the fulfillment of his contract with the City of Charlotte. Hence, any evidence, including statements of the contractor, a party defendant, made in the course of his dealings with the plaintiffs and tending to prove the debt or the amount thereof, was competent. Furthermore, the two defendants are represented by the same counsel. The objections to the testimony of H. B. Owsley were general in nature and there was no request that the court limit it to the defendant Henderson. The exceptions thereto now pressed by the defendant surety company are, on this record, untenable.

Nothing in *Chozen Confections v. Johnson,* 221 N. C., 224, 19 S. E. (2d), 866, is in conflict with this conclusion. The admissions of the principal debtor, at least in a joint action such as this, are competent to prove the debt. The rule that such statements are not binding on the surety simply means the surety is not precluded from offering evidence in contradiction thereof.

The findings of fact made by the court below are supported by competent evidence and are binding on us. *Lightner v. Boone, ante,* 199, and cited cases. There is very slight evidence, if any, that any part of the equipment was diverted to other jobs. If we concede there is some testimony to that effect then it was a controverted fact which has been settled by the findings of the court below.

This disposes of the incidental questions, worthy of note, which arose during the course of the trial and brings us to the pivotal question upon which the appellant's case must stand or fall. Is the rental cost of pneumatic machinery or equipment hired to do mechanical work in furtherance of the contract within the terms of the bond?

To answer the question it is not necessary for us to decide whether the rental cost of such equipment is labor or material. The answer does not rest on such narrow ground, but rather is to be found in the broad and inclusive language of the bond itself. But see *Town of Cornelius v. Lampton,* 189 N. C., 714, 128 S. E., 334; *Wiseman v. Lacy,* 193 N. C., 751, 138 S. E., 121, and cited cases.

The contract of insurance constitutes a general indemnity or faithful performance undertaking. The appellant assures the faithful performance of the contract and guarantees the satisfaction of "all claims and demands, incurred for the same" as well as contracts "for labor or material, or both." A contract for the rental of equipment is included.

No doubt the surety fixed its premium on the basis of the risk assumed. Now that liability has arisen it must pay in accord with the terms of its contract.

But the appellant, citing and relying on *Louisiana Highway Commission v. McCain,* 1 So. (2d), 545, and *Royal Indemnity Co. v. Day & Maddock Co.,* 150 N. E., 426, insists that "The bond involved herein is a statutory bond and we must look to the statute to find the conditions of the bond; for whatever is written in it, not required by statute, must be read out of the bond, and whatever is not expressed in it, but which ought to have been incorporated, must be read into it."

The cited cases so hold, but we do not adhere to any rule prevailing in other jurisdictions which prohibits parties to a contract of insurance executed pursuant to statute from inserting provisions which assure protection above and beyond that required by the statute.

The statute, G. S. 44-14, was designed and intended to provide protection for laborers and materialmen furnishing labor or material for the construction of public works commensurate with that afforded them while engaged in private construction. It prescribes the minimum protection that must be furnished but does not undertake to stipulate the maximum. It provides a floor but not a ceiling. As to that the parties are free to contract.

The contract must provide the protection required by law. To that end the provisions of the statute, if not actually included in the written agreement, are incorporated therein by operation of law.

Subject to this limitation the parties are free to contract. The indemnity company will not be permitted to afford protection less than that required by law. On the other hand it may assume any additional liability and provide any additional protection it and the assured may agree upon. Certainly this Court will not read out of the contract protective provisions voluntarily incorporated therein by the defendant.

But the defendant insists that if it is liable at all its liability "must necessarily be restricted to rental of the equipment for the time that it was actually in use on the job, and that the Surety Company cannot be held for idle time of the equipment."

Liability for rental was incurred by contract of the principal debtor and it was incurred in the performance of the contemplated work. Henderson owes the same as a part of the cost of construction and appellant has assured its payment　Those who spread the cement must at times

wait on the mixer. The mixer squad must await those who haul the material and the haulers must abide the loaders. Surely no one would seriously contend that such employees must have their wages docked for such idle time. Neither is it reasonable to say that the contractor may refuse to pay the rental for "mechanical labor equipment" when not in actual use. It must be "on the job," ready at hand when needed and the contractor must pay for the time it thus serves his purpose. In the event he defaults, his surety has agreed to pay.

For the reasons stated the judgment below must be
Affirmed.