LINDSEY-ROBINSON & CO., INC., v. J. H. JONES, INDIVIDUALLY AND
TRADING AS J. H. JONES HATCHERY.

(Filed 21 September, 1949.)

DEFENDANT's appeal from *Burgwyn, Special Judge,* May Term, 1949,
PASQUOTANK Superior Court.

*John H. Hall and McMullan & Aydlett for plaintiff, appellee.*
*Harry B. Brown for defendant, appellant.*

PER CURIAM. The plaintiff obtained a judgment by default final
against the defendant Jones for goods sold and delivered to him. The
defendant moves to set aside the judgment as irregular and voidable
because rendered on open account without allegation of express contract.

The judgment was rendered May 10, 1948. The motion to set aside
was not made until March 18, 1949.

Meantime, in a partition proceeding entitled Mildred Hooker *v.* J. H.
Jones, $998.50 had been paid into court as Jones' part of the proceeds of
the sale of lands. The fund was attached for enforcement of a judgment
obtained in a case entitled H. D. Scott & Co. *v.* Jones. Lindsey-Robinson
& Co., Inc., intervened, claiming priority of lien under their judgment.
In the ensuing litigation the defendant was an active party. The con-
troversy reached the Supreme Court on appeals; and the case is reported
*ante,* 74, q. v. H. D. Scott & Co. failed for want of service of summons
to support the judgment and attachment levied thereunder, and the
Lindsey-Robinson & Co. lien was sustained. *Mr. Justice Devin,* writing
the opinion of the Court, said *re* this judgment:

> "While the judgment of the Lindsey-Robinson Co. seems to have
> been rendered by default final upon a complaint for goods sold and
> delivered (G.S. 1-211, G.S. 1-212), the judgment was not void, and
> there was no effort at the time of the hearing to attack it as irregular.
> Hence, the ruling of the judge below must be upheld. *Supply Co.
> v. Plumbing Co.,* 195 N.C. 629, 143 S.E. 248; *Jeffries v. Aaron,* 120
> N.C. 167, 26 S.E. 696."

Judge Burgwyn heard the matter May 9, 1949, and, reviewing the
records and pertinent facts, denied the motion, and movant appealed.

We find in the record nothing to justify interference with the result.

The judment is
Affirmed.