AMARR COMPANY v. J. M. DIXON, INC. AND PEERLESS INSURANCE COMPANY

No. 6915SC200

(Filed 23 July 1969)

1. **Principal and Surety § 9—    bonds for public construction — purpose of G.S. 44-14**

    The purpose of G.S. 44-14 is to provide protection for laborers and materialmen furnishing labor or material for the construction of public works commensurate with that afforded them while engaged in private construction.

2. **Principal and Surety § 9—    bonds for public construction — laborer's or materialman's claim**

    Provision in a contractor's bond for construction of a municipal building which requires notice of a laborer's or materialman's claim within 90 days of the last furnishing of labor or material *is held* invalid as violative of G.S. 44-14 in failing to give protection commensurate with that afforded laborers or materialmen in private construction, since such laborers or materialmen have six months after completion of the labor or the final furnishing of material within which to file notice of lien. G.S. 44-39.

APPEAL by defendants from *Hall, J.,* at the November 1968 Session of ALAMANCE Superior Court.

Material allegations of the complaint are summarized as follows: J. M. Dixon, Inc. (Dixon) was the prime contractor for the construction of a municipal building for the City of Graham, N. C. Dixon and Peerless Insurance Company (Peerless) executed a payment bond to the City of Graham in order to comply with the terms of G.S. 44-14. Triangle Steel Company (Triangle) became a subcontractor, obligated to furnish certain labor and materials. Between 1 March 1967 and 1 June 1967, plaintiff furnished certain doors, materials and supplies of the value of $2500.00 to Triangle for use in the municipal building. Not being paid by Triangle, plaintiff gave proper notice to Dixon and Peerless, and their failure to pay constituted a violation of G.S. 44-14.

The defendants demurred, the demurrer was overruled and certiorari was denied by this Court on 13 September 1968. Thereafter, the defendants answered, admitting the contract between Dixon and the City of Graham, the bond executed by Dixon and Peerless, and the subcontract with Triangle. They admitted that Amarr furnished material and supplies and labor as shown in the invoices exhibited by plaintiff. The defendants also admitted receipt of the claim notice on 27 September 1967.

As a further defense, defendants alleged that plaintiff failed to allege compliance with the terms of the bond. As a second defense, defendants alleged that the last delivery date of 25 April 1967 and the first notice on 27 September 1967, as alleged by the plaintiff, clearly showed a failure to comply with the provisions of the bond.

The parties stipulated the facts and the matter was heard by Hall, J., sitting without a jury on 18 November 1968. Judge Hall found that the term of the bond requiring notice to the defendants of the claim within 90 days of the last furnishing of material was unreasonable, arbitrary and invalid as contrary to the intent of G.S. 44-14. From judgment for the plaintiff, the defendants appealed.

*Booe, Mitchell, Goodson & Shugart by William S. Mitchell for plaintiff appellee.*

*Adams, Kleemeier, Hagan, Hannah & Fouts by Walter L. Hannah for defendant appellants.*

BRITT, J.

The question presented is whether a condition in a bond, made pursuant to the requirements of G.S. 44-14, that "[n]o suit or action shall be commenced hereunder by any claimant: a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the᷾ last of the materials for which said claim is made * * *" is invalid as contrary to the requirements of G.S. 44-14.

The statute (G.S. 44-14) provides in material part as follows:

"* * * Any laborer doing work on said building and materialman furnishing material therefor and used therein, under a contract or agreement between said laborer or materialman and the principal contractor or subcontractor *has the right to sue on*

*said bond* \* \* \*. Every bond given by any contractor to any county, city, town or other municipal corporation for the building, repairing or altering of any building, public road or street, as required by this section *shall be conclusively presumed to have been given in accordance therewith,* whether such bond be so drawn as to conform to the statute or not, and *this statute shall be conclusively presumed to have been written into every such bond so given.* \* \* \*" (Emphasis added.)

[1]  The purpose of this statute has been clearly declared. "The statute, G.S. 44-14, was designed and intended to provide protection for laborers and materialmen furnishing labor or material for the construction of public works commensurate with that afforded them while engaged in private construction. It prescribed the minimum protection that must be furnished but does not undertake to stipulate the maximum. \* \* \*" *Owsley v. Henderson,* 228 N.C. 224, 45 S.E. 2d 263. Also *Steel Corp. v. Brinkley,* 255 N.C. 162, 120 S.E. 2d 529. "Commensurate" is defined as "equal in measure or extent." Webster's Third New International Dictionary (1968).

[2]  A clause seeking to limit the protection afforded the laborer or materialman to less than that afforded the same persons when engaged in private construction violates the meaning and intent of the statute. In so doing, it does not meet the prescribed minimum. We are required by the statute to treat the bond as including the statute. The bond, therefore, must give, as a minimum, that protection commensurate with the protection afforded workers in private construction. It is well known that in private industry a laborer or a materialman has six months after the completion of the labor or the final furnishing of materials within which to file his notice of lien. G.S. 44-39. The ninety-day requirement here is not commensurate protection.

We do not deem it necessary to determine whether G.S. 44-14 would allow notification beyond the six-months period above mentioned.

For the reasons stated, the judgment of the superior court is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.