SYMONS CORPORATION, PLAINTIFF v. INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT

No. 8814SC1201

(Filed 5 July 1989)

1. **Principal and Surety § 10— labor and material payment bond— leased equipment not in actual use—beginning of notice period**

    The time for giving notice of a claim under a labor and material payment bond for the cost of equipment leased to a subcontractor began to run on the date the equipment was last available for use rather than on the date the subcontractor quit the construction project. The equipment was available for use on the project until it was returned from the construction site to plaintiff in June 1987, and the notice period did not begin to run until that date, although the subcontractor abandoned the project on 4 February 1987 and the equipment was not actually used after that date.

2. **Interest § 2— contract interest rate—summary judgment**

    The trial court properly entered summary judgment awarding plaintiff interest at one and one-half percent per month

in an action to recover under a labor and material payment bond for the lease and sale of equipment to a subcontractor where plaintiff alleged and submitted affidavits of its employees that the contract interest rate was one and one-half percent per month, and defendant made general denials in its answer to plaintiff's allegations but failed to present any evidence to contradict such an interest rate or to challenge the affiants' credibility.

APPEAL by defendant from *Hight (Henry W., Jr.), Judge*. Judgment entered 2 July 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 11 May 1989.

Raleigh-Durham Meridian, Ltd. (R/D Meridian) hired Monitor Construction Co. (Monitor) as a general contractor to build the Pickett Suite Hotel in Durham, North Carolina. Monitor executed a Labor and Material Payment Bond with defendant as surety, Monitor as principal and R/D Meridian as obligee. Monitor also subcontracted out a portion of the construction work to West Coast Forming Co. (Forming). Forming in turn contracted with plaintiff to supply, through sale and lease, various equipment to be used on the Pickett Suite Hotel project. On 4 February 1987 Forming allegedly abandoned the project. Plaintiff's equipment remained on the construction site. On 5 June 1987 plaintiff filed a notice of claim with Monitor seeking payment for the equipment sold and leased to Forming. On or about 10 June 1987 and after learning of plaintiff's notice of claim Monitor shipped the leased equipment back to plaintiff. On 4 January 1988, plaintiff filed a complaint against defendant as surety on the labor and material bond seeking payment and interest for the equipment plaintiff provided to the construction project. On 2 July 1988 the trial court denied defendant's motion for summary judgment but granted a similar motion filed by plaintiff. The court also awarded plaintiff $41,066.07, the amount allegedly owed for the equipment plus interest. Defendant appeals the summary judgment and award and the denial of its own summary judgment motion.

*Howard, From, Stallings & Hutson, P.A., by Leigh L. Leonard, for plaintiff-appellee.*

*Harlow, Reilly, Derr & Stark, by William L. London, for defendant-appellant.*

**SYMONS CORP. v. INSURANCE CO. OF NORTH AMERICA**

[94 N.C. App. 541 (1989)]

LEWIS, Judge.

Defendant brings forward three assignments of error. First, the trial court erred in denying its motion for summary judgment. Second, the trial court erroneously granted summary judgment to plaintiff. Third, the court erroneously awarded interest at a rate of one and one-half percent a month from 31 May 1987 until the amount is paid.

Initially we note that plaintiff argues that defendant has abandoned its assignments of error by failing to comply with certain Rules of Appellate Procedure. Plaintiff contends that defendant did not identify the record page on which each exception appeared as required under App. R. 10(c) and 28(b)(5).

Appellate rules are mandatory and failure to comply subjects an appeal to dismissal. *Wiseman v. Wiseman*, 68 N.C. App. 252, 314 S.E. 2d 566 (1984). This Court, however, may suspend or vary the requirements of the rules to prevent "manifest injustice." App. R. 2. Although defendant in this case did not technically follow the rules by failing to list specific page numbers where exceptions could be found in the record and did not set out these exceptions in the brief, we do not find these omissions so egregious as to invoke dismissal. We further note that this Court has previously held that where, as here, the issue is whether summary judgment was proper, exceptions or assignments of error were not required. *Vernon, Vernon, Wooten, Brown & Andrews, P.A. v. Miller*, 73 N.C. App. 295, 326 S.E. 2d 316 (1985).

[1] Defendant contends in his brief that plaintiff is precluded from asserting its claim because it failed to file timely notice. Paragraph 3(a) of the Labor and Material Payment Bond executed by Monitor provides in pertinent part:

3. No suit or action shall be commenced hereunder by any claimant:

(a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant . . . furnished the last of the materials for which said claim is made.

In this case, there is little or no distinction between the private contractor bond and public bonds, governed by G.S. 44A-14 *et seq.*

and we may construe the two together in considering the rights of laborers and materialmen. *See Equipment Co. v. Smith*, 292 N.C. 592, 234 S.E. 2d 599 (1977); *see generally*, G.S. 44A-27. Contractor payment bonds were designed for the protection of laborers and materialmen and are to be construed liberally for their benefit. *Id.; RGK, Inc. v. Guaranty Co.*, 292 N.C. 668, 235 S.E. 2d 234 (1977); *Owsley v. Henderson*, 228 N.C. 224, 45 S.E. 2d 263 (1947).

Liability for the cost of rental equipment is not restricted to times when the equipment is actually in use. *Owsley, supra*. Equipment is considered "on the job" if it is on hand and available for use. *Id.* "[I]t is [not] reasonable to say that the contractor may refuse to pay the rental for 'mechanical labor equipment' when not in actual use. It must be 'on the job' ready at hand when needed and the contractor must pay for the time it thus serves his purpose." *Id.* at 228, 45 S.E. 2d at 266. In this case, although defendant claims plaintiff's equipment was not actually used after February 1987, it is undisputed that the equipment was on the job site and available for use by the contractor. It is further apparent from the record that while the rental equipment may have been unused after February 1987, defendant did not return the equipment to plaintiff until June 1987 when the notice of claim was filed. We find on these facts and the case law that since liability extends to those times when equipment is available but unused, the last day the equipment was available for use is the last day the equipment was furnished for the purpose of the notice requirement.

This same conclusion was reached in *United States v. Scotland Concrete Company*, 294 F. Supp. 1299 (E.D.N.C. 1968), a case construing the notice requirement under the Miller Act, 40 U.S.C. Section 270(b). The notice provision contains almost identical language to our state provision under G.S. 44A-27 so we consider their interpretation. *See Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980), *overruled on other grounds, Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E. 2d 385 (1988). *Scotland*, a case from the Eastern District of North Carolina, involved the use of rental equipment and the question as to when the notice period began to run. The Court there held that the time for giving notice began from the date the equipment was "last *available* for use." *Id.* at 1302. (Emphasis added.) The equipment here was undisputedly *available* for use on the project until defendant returned it in June 1987; thus the notice period did not begin to run until that time. We are aware of other federal

cases which, confronted with facts similar to those now before us, have held that under the Miller Act the notice period began to run when the subcontractor quit the construction project. *See United States v. Kelly*, 327 F. 2d 590 (9th Cir. 1964); *U.S. For Use of S.G.B. Universal Builders v. Fid. & Deposit*, 475 F. Supp. 672 (E.D.N.Y. 1979). We believe *Scotland* to be the better reasoned case. Defendant's argument is without merit.

**[2]** Defendant next contends that the court erred in awarding plaintiff interest at a rate of one and one-half percent per month from 31 May 1987 until paid. Defendant argues that there was no evidence, except for affidavits of plaintiff's employees, that one and one-half percent was the agreed upon contract rate and that absent such proof, the court should have awarded the legal rate of eight percent. *See* G.S. 25-4.

Summary judgment is proper, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). A party moving for summary judgment has the burden of establishing no genuine issue of material fact. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Here, plaintiff alleged in its complaint that the contract interest rate was one and one-half percent per month. Defendant made general denials to plaintiff's allegations in its answer. In support of its summary judgment motion plaintiff submitted affidavits of its employees that the interest rate was one and one-half percent.

G.S. 1A-1, Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

While we note that in some cases courts have been slow to grant summary judgment when the movant presents only his own affidavits, which are unchallenged, a non-movant is still required to point out the existence of a triable issue. *Kidd, supra.* Our Supreme Court has held that:

SYMONS CORP. v. INSURANCE CO. OF NORTH AMERICA

[94 N.C. App. 541 (1989)]

[S]ummary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate.

*Id.* at 370, 222 S.E. 2d at 410. In this case defendant has failed to put forth any evidence to contradict plaintiff's assertions regarding the interest rate or to challenge the affiants' credibility. Further, the record reveals that defendant has failed to show the existence of any genuine issue of material fact. It is undisputed that Monitor's subcontractor, Forming, was covered under the Labor and Material Payment Bond and that it contracted with plaintiff for the sale and lease of equipment to be used on the project covered by the bond. It is also undisputed that an outstanding balance was due to plaintiff under the contract between Forming and plaintiff and that as a "claimant" under Paragraph 1 of the bond, plaintiff could look to defendant, as surety, for payment. Thus, the court having correctly determined that plaintiff timely filed its notice of claim, the summary judgment and award was proper in this case.

For the foregoing reasons, the lower court's judgment and order is

Affirmed.

Judges BECTON and PHILLIPS concur.